**Murray J. FOX, Dorothea Fox, Sol Fox and Sylvia Frost, on behalf of themselves and as representatives of all other persons similarly situated, Plaintiffs-Appellees,**

**v.**

**GLICKMAN CORPORATION, Louis Glickman, Louis A. Siegel, Aaron Katz, William M. Jennings, William G. Dillon, Bache & Co., Hirsch & Co., Incorporated, Hirsch & Co. and Morris Cohon & Company, Defendants-Appellees,**

**Harry H. Levy, Applicant for Intervention, Appellant.**

No. 152, Docket 29954.

United States Court of Appeals Second Circuit.

Argued Nov. 9, 1965.

Decided Dec. 20, 1965.

------◆------

Joseph Calderon, New York City (Bergerman & Hourwich, New York City, William Baronoff, New York City, of counsel), for appellant.

Roy L. Reardon (Simpson Thacher & Bartlett, New York City, Walter J. Josiah, Jr., New York City, of counsel), for defendants-appellees.

Herman Odell, New York City, for plaintiffs-appellees.

Irving Malchman, New York City (Malchman & Klied, New York City, of counsel), for Rudnick and others, appellees.

Stanley L. Kaufman, New York City (Kaufman, Taylor, Kimmel & Miller, New York City, of counsel), for Lazar and others, appellees.

Before LUMBARD, Chief Judge, and FRIENDLY and SMITH, Circuit Judges.

FRIENDLY, Circuit Judge:

This appeal takes us back to territory —intervention in a spurious class action —which we visited last term in Escott v. Barchris Constr. Corp., 340 F.2d 731 (2 Cir. 1965). Like that case it illustrates the desirability of amending Rules 23 and 24 of Federal Civil Procedure. See Preliminary Draft of Proposed Amendments to Rules of Civil Procedure, March 1964, 94–120.

In March 1963, Murray J. Fox and two other holders of Class A stock of Glickman Corporation brought an action in the District Court for the Southern District of New York against the corporation and some of its directors to recover damages arising out of their investment in Glickman stock. The complaint alleged violations of the Securities Act of 1933, 15 U.S.C. § 77a, et seq., and the Securities Exchange Act of 1934, 15 U.S.C. § 78a, et seq., through inaccuracies in registration statements filed with the SEC in connection with public offerings in October 1960 and October 1961; the plaintiffs sued on behalf of themselves and all other persons similarly situated. The complaint was later amended to include the underwriters as defendants. Similar actions were subsequently commenced in the same court by Arthur Rudnick and Morris Lazar in June and October 1963. In January 1964 the three actions were assigned for all purposes to Judge Metzner who proceeded to conduct a pretrial conference. In the fall of 1964, he directed that the production of documentary evidence and the taking of depositions should be concluded by the end of the year, that pretrial memoranda should be exchanged in early March 1965, that a conference to prepare a pretrial order should be held in late March, and that trial should begin on May 4.

On March 16, 1965, Harry H. Levy moved to intervene in the Fox action pursuant to F.R.Civ.P. 24. He alleged that in October 1961 he purchased from Bache & Co., a defendant underwriter, 2000 shares of Glickman Class A common stock at $12.50 per share; that, as alleged in the Fox complaint, the prospectus which was incorporated in the registration statement contained misrepresentations of fact and failed to contain other facts necessary in order that statements therein should not be misleading; that he had no knowledge of these untruths until August 1964 when Glickman Corporation sent him an opinion of the SEC dated July 31, 1964; and that the loss from the sale of his shares was approximately $21,000. On March 22, at a pretrial conference to which Levy's counsel was invited, the judge announced that the motion for intervention would be taken under advisement.

During the spring the attorneys for plaintiffs and defendants in the three actions pursued settlement discussions, and the trial was adjourned. At a conference before the judge on June 25, which Levy's counsel again attended by invitation, the attorneys for the parties signed an agreement, subject to approval of the court under F.R.Civ.P. 23(c), purporting to settle the claims of all purchasers of stock for $1,825,000, which, after deduction for such attorneys' fees and expenses as the court might allow,[1] would be distributed in accordance with an agreed schedule determining the "recognized losses" of various groups of stockholders. The judge thereupon directed that notice of a hearing be given to present and former stockholders and that interested persons show cause why the settlement should not be approved by the court. At the same time he entered an order denying Levy's motion to intervene. His memorandum characterized the motion as an application under F.R. Civ.P. 24(b) for permissive intervention in a spurious class action, and noted that it was made when all pretrial procedures had been completed and the attorneys were preparing an order looking toward a speedy trial of actions that had been pending for two years.

■ Levy appeals on the alternative grounds that he was entitled to intervene of right, and that, if not, the denial of permissive intervention was an abuse of discretion.[2] Federal Rule 24(a) accords intervention of right "(2) when the representation of the applicant's interest by existing parties is or may be inadequate and the applicant is or may be bound by a judgment in the action." The latter requirement would seem to bar Levy's claim to such intervention since the Fox suit clearly is a spurious class action under F.R.Civ.P. 23(a) (3)

and the established view in this circuit is that a judgment in such a suit does not bind members of the class who have not become parties. Oppenheimer v. F. J. Young & Co., 144 F.2d 387, 390 (2 Cir. 1944); Nagler v. Admiral Corp., 248 F. 2d 319, 327 (2 Cir. 1957); accord, Albrecht v. Bauman, 76 U.S.App.D.C. 189, 130 F.2d 452 (1942); Schatte v. International Alliance of Theatrical Stage Employees, 183 F.2d 685, 687 (9 Cir. 1950); Kainz v. Anheuser-Busch, Inc., 194 F.2d 737, 742 (7 Cir.), cert. denied, 344 U.S. 820, 73 S.Ct. 17, 97 L.Ed. 638 (1952); 3 Moore, Federal Practice § 23.11(3), at 3465 (2d ed. 1964). The fact that, if the defendants were successful, a subsequent action by Levy would be barred by the three year statute of limitations, Securities Act of 1933, 15 U.S.C. § 77m, would not mean that he was or might be "bound" by the prior judgment within the intendment of the Rule. Cf. Sam Fox Publishing Co. v. United States, 366 U.S. 683, 694, 81 S.Ct. 1309, 6 L.Ed.2d 604 (1961).

■ Levy responds that other federal courts have taken a view as to the effect of a judgment in a spurious class action differing from this court's. See Weeks v. Bareco Oil Co., 125 F.2d 84 (7 Cir. 1941); Union Carbide & Carbon Corp. v. Nisley, 300 F.2d 561 (10 Cir. 1961), appeal dismissed on stipulation, 371 U.S. 801, 83 S.Ct. 13, 9 L.Ed.2d 46 (1962); Cherner v. Transitron Electronic Corp., 221 F.Supp. 48 (D.Mass.1963). Therefore, he argues, since the Supreme Court has not yet spoken to the point, the law on this issue remains uncertain and hence the Fox action is one in which he "may be" bound by a judgment. We find the argument untenable. We do not read the cases cited as having truly decided what Levy says they did. In the Weeks opinion, the court quoted with approval

1. An approved notice to stockholders said that the plaintiffs agreed among themselves that the maximum amount to be allowed for attorneys' fees and expenses was $425,000.

2. No challenge to our appellate jurisdiction has been made, and, for reasons stated in Levin v. Ruby Trading Corp., 333 F.2d 592, 594 (2 Cir. 1964), we shall look to the merits of the appeal on the assumption that this exists. See also Wright, Federal Courts 287 (1963).

Professor Moore's conclusion that in a spurious class action the judgment binds only participating parties; its subsequent assertion that a judgment would bind members of a class with similar interests, made in deciding on the propriety of a spurious class action in that case, was presumably intended to refer only to those members who initiated or intervened in the suit, see 125 F.2d at 89, 91, as the later decision of the same court in Kainz v. Anheuser-Busch, Inc., supra, 194 F.2d at 742, indicates. The Union Carbide decision is no more helpful to Levy, the sole relevant issue there having been, in the court's words, "whether in a class action under Rule 23(a) (3) * * * non-participating plaintiffs may intervene after determination of defendants' liability, to share in the fruits of a judgment obtained by their participating representatives." 300 F.2d at 588. As for the Transitron case, the question before Judge Wyzanski was whether, in an order approving settlement of a spurious class action, he should permit inclusion of a provision, favored by the parties, which purported to make the settlement binding on all members of the class. His decision was that if the parties "have faith in such a bar order, their faith is not so clearly misplaced that this Court should decline to approve a settlement which incorporates the bar order"; he recognized "very respectable authority" contradicting their expectations and declared that anyone who could show that the court "was without jurisdiction to bar his claim," could stay out of the settlement and "on his own, sue defendants to establish their liability and his damage," 221 F.Supp. at 53. Moreover, if the cited decisions held more than we think they do, the mere possibility of ultimate reversal of a court's own settled rule of *res judicata,* suggested by contrary decisions of other federal courts, is not in our view what the rule makers had in mind when they accorded

intervention of right to one who "may be" bound. Compare International Mortgage & Inv. Corp. v. Von Clemm, 301 F.2d 857, 861–862 (2 Cir. 1962). We thus are not required to determine whether Levy's case for intervention of right does not fail in any event because of the additional requirement of F.R. Civ.P. 24(a) (2) that he show actual or possible inadequacy in the representation of his interest by existing parties.[3]

While Levy's claim does not qualify for intervention of right, it does fit snugly under F.R.Civ.P. 24(b) allowing permissive intervention "(2) when an applicant's claim or defense and the main action have a question of law or fact in common." See Escott v. Barchris Constr. Corp., 340 F.2d 731, 733 (2 Cir. 1965). Addressing himself to the further provision of Rule 24(b) that "[i]n exercising its discretion the court shall consider whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties," Levy argues that his intervention would not have had a delaying effect if the judge had allowed it in March when it was sought. Moreover, the judge could have conditioned a grant of intervention on Levy's abiding by pretrial orders already made. This, however, is not the whole story. Allowing intervention in a case like this with respect to the merits, as distinguished from the limited purpose of proving damages, may well result in "accumulating proofs and arguments without assisting the court." Allen Calculators, Inc. v. National Cash Register Co., 322 U.S. 137, 141–142, 64 S.Ct. 905, 907, 88 L.Ed. 1188 (1944); see also Crosby Steam Gage & Valve Co. v. Manning, Maxwell & Moore, Inc., 51 F.Supp. 972, 973 (D. Mass.1943).

■ The chronology of events suggests that the judge may well have been concerned lest granting the request for

---

3. Levy's principal argument on this score is that since, in contrast to a derivative action, he must prove his own damages in order to recover, representation by the existing plaintiffs would necessarily be inadequate. But this would scarcely entitle him to intervene of right except for the limited purpose of ultimately proving his damages if liability should be established.

intervention would have the effect of prohibiting a settlement affecting Levy without his consent, as distinguished from the more limited right to be heard in objection under F.R.Civ.P. 23(c)—a matter of some moment on the facts here since intervention would relieve Levy of the limitations problem that would bar an independent suit by him. If allowing Levy to intervene would give him such a position, a point on which authority seems lacking, it was not an abuse of discretion to deny a request which came so late and relegate Levy to his rights under F.R.Civ.P. 23(c). Of course, if the settlement should not be consummated and defendants' liability should be established, the denial of Levy's instant motion ought not to prejudice a further application by him to intervene for the purpose of proving his damages.

Affirmed.