Murray J. ROSEN and Al Friedland,
Plaintiffs,

v.

Samuel N. BERGMAN et al., Defendants.

64 Civ. 3299.

United States District Court
S. D. New York.

March 18, 1966.

Israel Beckhardt, New York City, for plaintiffs.

Bennett Frankel, New York City, Gen. Counsel for plaintiffs and Atty. for plaintiffs-intervenors.

Colton & Pinkham, New York City, for defendants, Julius Epstein, Frank A. Wolford, Reta O. Wolford, C. L. Schneider, Irwin Cole, Wilfred Steinhaus, Leib Merkin, Inc., Morris D. Wile, Samuel N. Bergman, A. E. Jenkins, Louis Kerman, Elmer Balaban, Joseph Militek and Clinton Engines Corporation, Spencer Pinkham, New York City, of counsel.

Epstein & Furman, New York City, for defendant, Reed Rubin.

FREDERICK van PELT BRYAN, District Judge:

This action is brought by two purchasers (the Rosen plaintiffs) of stock of Clinton Engines Corporation (Clinton) against Clinton and persons associated with it for violations of § 10(b) of the Securities Exchange Act of 1934, 15 U.S.C. § 78j(b) [1] and Rule 10b–5 of the Securities and Exchange Commission, 17 C.F.R. § 240.10b–5 (1964).[2] The complaint alleges in substance that Clinton is-

---

[1] "It shall be unlawful for any person, directly or indirectly, by the use of any means or instrumentality of interstate commerce or of the mails, or of any facility of any national securities exchange—

\* \* \* \* \*

"(b) To use or employ, in connection with the purchase or sale of any security registered on a national securities exchange or any security not so registered,

any manipulative or deceptive device or contrivance in contravention of such rules and regulations as the Commission may prescribe as necessary or appropriate in the public interest or for the protection of investors."

[2] "It shall be unlawful for any person, directly or indirectly, by the use of any means or instrumentality of interstate

sued a fraudulent prospectus and that the Rosen plaintiffs, relying on the prospectus, purchased Clinton stock and were damaged. Relief is sought on behalf of the Rosen plaintiffs individually and on behalf of all other stockholders and former stockholders of Clinton similarly situated. This is a spurious class action rather than a true class action as the parties agree. See Fox v. Glickman Corp., 355 F.2d 161 (2 Cir. 1965).

Two motions are presently before the court. The first, filed September 3, 1965 by Ruth and Henry Kutik, seeks leave to intervene as plaintiffs pursuant to Rule 24, F.R.Civ.P. Attached to the motion papers is a copy of the Kutik plaintiff-intervenors' proposed verified complaint. The second motion, filed by the defendants on December 1, 1965, seeks summary judgment against the Rosen plaintiffs and in the alternative seeks to strike from the complaint the allegations that this is a class action. Both motions were argued before me on December 7, 1965.

It is undisputed that the allegedly fraudulent prospectus was filed with the SEC in about February 1960, with a registration statement, and that the Rosen plaintiffs purchased their stock on the open market on or after August 29, 1961. In the interim Clinton filed two separate annual reports correcting erroneous information listed in the prospectus and in July 1961 the SEC publicly announced commencement of proceedings to determine whether the effectiveness of the Registration Statement should be suspended. The Kutik plaintiff-intervenors, on the other hand, claim to have purchased their stock directly from Clinton pursuant to the prospectus immediately after it became effective.

■ 1. *Motion to intervene.* Under Rule 24(b) (2), F.R.C.P., interven-

tion may be permitted when an applicant's claim and the main action have "a question of law or fact in common." In spurious class actions, intervention should be liberally allowed. See 3 Moore, Federal Practice, p. 3474 (2nd ed. 1964). The Kutik plaintiff-intervenors' claim and the claim made by the Rosen plaintiffs in their complaint clearly have questions of law and fact in common with regard to the fraudulence and effect of the prospectus. See Escott v. Barchris Construction Corp., 340 F.2d 731, 733 (2 Cir. 1965).

The Kutik's proposed complaint, like the Rosen complaint, alleges "fraudulent devices" relied upon in the purchase of Clinton stock and seeks relief solely under § 10(b) of the 1934 Act. Defendants oppose the intervention on the theory that the proposed Kutik complaint states no claim under § 10(b). Defendants urge that since the plaintiff-intervenors purchased their stock upon the original offering, their sole remedy lies under § 11 of the 1933 Act, 15 U.S.C. § 77k, relying on Montague v. Electronic Corp., 76 F. Supp. 933 (S.D.N.Y.1948) and Rosenberg v. Globe Aircraft Corp., 80 F.Supp. 123 (E.D.Pa.1948).

■ The great weight of more recent authority establishes that "when, to conduct actionable under § 11 of the 1933 Act, there is added the ingredient of fraud, then that conduct becomes actionable under § 10(b) of the 1934 Act and the Rule, [10b–5] at the suit of any defrauded person, whether or not he could maintain a suit under § 11 of 1933 Act." Fischman v. Raytheon Mfg. Co., 188 F.2d 783, 787 (2 Cir. 1951); see, e. g., Matheson v. Armbrust, 284 F.2d 670, 675 (9 Cir. 1960), cert. den., 365 U.S. 870, 81 S.Ct. 904, 5 L.Ed.2d 860 (1961); Ellis v. Carter, 291 F.2d 270, 273–274 (9 Cir. 1961);

---

commerce, or of the mails or of any facility of any national securities exchange,

\* , \* \* \* \*

"(b) To make any untrue statement of a material fact or to omit to state a material fact necessary in order to make

the statements made, in the light of the circumstances under which they were made, not misleading, or

\* \* \* \* \* "

§ 240.10b–5(b)

Dauphin Corp. v. Redwall Corp., 201 F. Supp. 466, 468–469 (D.Del.1962); Osborne v. Mallory, 86 F.Supp. 869, 879 (S.D.N.Y.1949).

■ The Kutiks' proposed complaint, like the Rosen complaint, states a claim under § 10(b). The Kutiks are entitled to intervene as party plaintiffs.

2. *Defendants' motion for summary judgment against Rosen complaint.* Defendants, noting the eighteen months time interval between the issuance of the allegedly false information and the Rosen plaintiffs' purchase of the stock, move for summary judgment against them on the ground that as a matter of law there was no reliance on the prospectus or resulting damage.

■ In order to recover for a violation of § 10(b) and Rule 10b–5, it is necessary for the plaintiff to show that the untrue statements "influenced" (see List v. Fashion Park, Inc., 340 F.2d 457, 463 (2 Cir. 1965)), or "induce[d]" (see Smith v. Bear, 237 F.2d 79, 88 (2 Cir. 1956)), him to purchase the stock. There are questions of fact on this issue which cannot be resolved on the present record. There are also questions of fact with regard to damages which cannot be determined on the basis of the scanty record now before the court.

■ Moreover, since the claim of the Kutik plaintiff-intervenors would proceed to trial even if summary judgment against the Rosen plaintiffs were granted, it would serve no useful purpose nor greatly benefit defendants to deprive the Rosen plaintiffs of an opportunity to adduce such evidence as they may have at that trial.

3. *Defendants' motion to strike.* The Rosen plaintiffs sue on behalf of all purchasers of stock, whether they purchased directly from Clinton on the original issue or whether they made subsequent purchases on the open market. Defendants apparently maintain these two different types of purchasers cannot be placed in one class and therefore seek to strike all allegations to the effect that

this is a class action from the Rosen complaint. Defendants' position is not well taken.

■ Rule 23(a) (3), F.R.C.P., permitting spurious class actions, does not require all members of the class to be identically situated but merely that there be a question of law or fact common to all. See 3 Moore, supra, at p. 3454. There are such questions of law or fact with regard to the allegedly false prospectus and its effect. Moreover, Rule 23 is to be liberally construed in view of utility of the spurious class action as a means to avoid multiplicity of actions and to provide procedure by which small claimants can obtain relief. See Escott v. Barchris Construction Corp., 340 F.2d 731, 733 (2 Cir. 1965).

■ Defendants rely heavily on the requirement of Rule 23 that in all class actions the nature of the plaintiff's claim must be such that it will insure the adequate representation of the whole class. Reliance on this provision is misplaced. Merely because the Rosen plaintiffs purchased their stock on the open market does not necessarily mean that they cannot adequately represent those who purchased directly from Clinton.

■ But even assuming the Rosen plaintiffs could not adequately represent those who purchased directly, this would not entitle defendants to the relief they seek. It is well settled in this circuit that in a spurious class action only those actually appearing will be affected by the decision. See Fox v. Glickman Corp., 355 F.2d 161, 163 (2 Cir. 1965); Nagler v. Admiral Corp., 248 F.2d 319, 327 (2 Cir. 1957). Thus, adequacy of representation is not a controlling factor. See Oppenheimer v. F. J. Young & Co., 144 F.2d 387, 390 (2 Cir. 1944).

Plaintiff-intervenors' motion to intervene is granted.

Defendants' motions for summary judgment and to strike allegations in the complaint are denied in all respects.

It is so ordered.