**OPPENHEIMER et al. v. F. J. YOUNG & CO., Inc., et al.**

**No. 331.**

Circuit Court of Appeals, Second Circuit.

Aug. 1, 1944.

See also, D.C., 3 F.R.D. 220.

Davidson & Mann, of New York City (Gustave B. Garfield, of New York City, of counsel), for plaintiffs-appellants.

Willkie, Owen, Otis, Farr & Gallagher, of New York City (Mark F. Hughes and Alfred J. Callahan, both of New York City, of counsel), for F. J. Young & Co., Inc. and Fred J. Young, defendants-appellees.

Wright, Gordon, Zachry, Parlin & Cahill, of New York City (William W. Dulles, Fred J. Knauer, and Lawrence J. McKay, all of New York City, of counsel), for White, Weld & Co., defendant-appellee.

Roger S. Foster, Sol., Milton V. Freeman, Asst. Sol., Louis Loss, Sp. Counsel, and David Ferber, Atty., for Securities and Exchange Commission, all of Philadelphia, Pa., appearing as amicus curiae.

Before SWAN, AUGUSTUS N. HAND, and CLARK, Circuit Judges.

AUGUSTUS N. HAND, Circuit Judge.

■ This suit was brought as a spurious class action and is sought to be sustained under Federal Rule 23(a) (3) 28 U.S.C.A. following section 723c.[1] The plaintiffs, after two unsuccessful attempts to set forth their claim in the form of a spurious class action, filed a second amended complaint which was dismissed by the District Court on the ground that the plaintiffs and the parties whom they sought to represent had divergent interests, with leave, however, to serve a further amended complaint in their own behalf; but, because of failure to amend, as permitted, a judgment was entered dismissing the second amended complaint in its entirety. The plaintiffs have appealed from both the order and the judgment. Inasmuch, however, as the order provided for an amendment, it did not dispose of the litigation and it was not final. The individual claims of the two plaintiffs asserted in the second amended complaint, and sustained by the interlocutory order, arose out of the same matters as those upon which the class action was founded, and there must be finality in the disposition of both in order that an appeal may lie. Audi Vision, Inc. v. RCA Mfg. Co., 2 Cir., 136 F.2d 621, 147 A.L.R. 574; Western Elec. Co. v. Pacent Reproducer Corp., 2 Cir., 37 F.2d 14. The appeal from the interlocutory order must, therefore, be dismissed.

The complaint charged that the defendants-appellees entered into a conspiracy to defraud the plaintiffs. The conspiracy alleged seems to have been that the defendants induced the plaintiffs and those whom the latter seek to represent to sell certain bonds of the City of Cordoba, Argentina, by deceptive and fraudulent devices in violation of the Securities Exchange Act of 1934, 15 U.S.C.A. § 78a et seq. The pleading, while somewhat vague, defines in Article Tenth the class on behalf of which the action is brought in a representative capacity and says that it consists of all the former holders of the 7% External Sinking Fund Gold Bonds of 1927 of the City of Cordoba, due August 1, 1957, stamped as of July 3, 1934, pursuant to an agreement made by the City on or about that date, in which it was provided as follows:

"The City agrees that it will not at any time either during the agreed period or after, offer the holders of any non-assenting bonds a greater amount than they would have received had they deposited their bonds under the plan without permitting the holders of any bonds then outstanding which shall have been deposited under the plan to receive additional payment or payments equal to the difference between the aggregate amounts paid to their bonds under the plan and the amount then offered to non-assenting bondholders."

The complaint further alleges that the number of persons included in the above class consists of upwards of one thousand persons, firms and corporations scattered throughout the United States, that in most instances the parties constituting the class are unaware of the fact that a cause of action on their behalf exists or has been brought, or are unaware of the facts giving rise to such a cause of action, which if not maintained on their behalf will become barred by the statute of limitations. The fraudulent devices alleged were that F. J. Young & Co. was an over-the-counter securities broker registered with the Securities & Exchange Commission, that White, Weld & Co. was a registered licensed broker, a member of the New York Stock Exchange, that Fred J. Young, from 1939 to 1942, was chairman of a bondholders committee of the foregoing bonds and caused certificates of deposit to bondholders to the face value of $2,600,000 out of the total issue of $4,000,000 to be issued to some but not all of the bondholders, that in 1941 or 1942 the defendants induced the plaintiffs and those similarly situated to sell their bonds at the price of $872.27 per bond, knowing well, or having reason to believe (but concealing the fact), that the actual or ultimate purchasers of the bonds were persons acting on behalf of the City of Cordoba and that the City of Cordoba would immediately after acquiring the bonds from the plaintiffs, and those similarly situated, redeem all other outstanding bonds at the redemption price, plus accumulated and unpaid interest, thereby depriving the plaintiffs and all other bondholders similarly situated of the right to demand additional payment or payment

---

[1] "Rule 23. Class Actions

"(a) Representation. If persons constituting a class are so numerous as to make it impracticable to bring them all before the court, such of them, one or more, as will fairly insure the adequate representation of all may, on behalf of all, sue or be sued, when the character of the right sought to be enforced for or against the class is * * *

"(3) several, and there is a common question of law or fact affecting the several rights and a common relief is sought."

equal to the difference between the aggregate amount paid to the plaintiffs and such other bondholders, and the amount to be paid to non-assenting bondholders, knowing that thousands of the same class who did not sell their bonds would be paid the redemption price, plus accumulated interest, to wit, the sum of $1,130.94.

The complaint goes on to state that pursuant to the foregoing scheme, the defendant White, Weld & Co. caused a circular letter issued by F. J. Young & Co., to be sent through the mails containing the latter's offer. It further alleges that the defendants were guilty of a manipulative and fraudulent device in failing to disclose whether F. J. Young & Co. was acting as a broker for the plaintiffs and other bondholders or holders of certificates of deposit, or as a dealer on its own account, or as a broker for some other person, or as a broker for such customer and some other person, and failed to name the person for whom the securities were purchased, and the source and amount of commissions or other remuneration received or to be received in connection with the transaction, that had such disclosure been made the plaintiffs and other bondholders and holders of certificates of deposit would not have accepted the offer. The complaint adds that defendant, White, Weld & Co., because it was fiscal agent for the bond issue of the City of Cordoba, and the defendant, F. J. Young & Co., Inc., because Fred J. Young was its dominant officer and stockholder and chairman of the Bondholders Protective Committee, were under a fiduciary duty to make a full and complete disclosure to the plaintiffs and all other bondholders and holders of certificates of deposit similarly situated. It alleges that pursuant to the conspiracy, the defendants caused bonds identical with those which had been sold by the plaintiffs and other bondholders and holders of certificates of deposit similarly situated to be redeemed by the City at the sum of $1,130.94 and unstamped bonds to be redeemed at the sum of $1,746.31, and that they deducted the sum of $22.53 from each bond for committee expenses. It closes with an allegation that each bondholder has been damaged to the extent of $700 for each $1,000 bond owned and prays that the plaintiffs recover individually the sum of $3,250, and that the court determine the members of the class entitled to recovery, and that each said member have such recovery in such amount as may be just and proper in the premises.

We read this somewhat vague and unsatisfactory complaint as alleging a conspiracy by the defendants to get the plaintiffs and other bondholders of stamped bonds, or certificates therefor, to sell their bonds at less than the defendants had reason to believe the City of Cordoba was prepared to pay for them without disclosing that White, Weld & Co. were the fiscal agents of that City and that F. J. Young and F. J. Young & Co. were carrying out the efforts of the City to purchase bonds from persons, to whom it is alleged they were in a fiduciary relation, at less than the City was prepared to pay.

There was no attempt to test the sufficiency of the complaint in respect to its statement of the plaintiffs' claim, but only in respect to its conformity to the requirements of Rule 23(a) (3). It is not, and cannot be, disputed that the plaintiffs could join other bondholders in this action for the purpose of asserting their separate claims without attempting to bring a spurious class action under Rule 23(a) (3). The joinder of separate claims in suit where the various plaintiffs assert rights "arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all of them will arise in the action" is provided for by Rule 20. It is not altogether easy to see the advantage of a spurious class action as compared with the joinder of separate claims under Rule 20 (a) where federal jurisdiction in either case depends on the provisions of the Securities and Exchange Act and not upon diverse citizenship except in a jurisdiction where the decision will bind members of the class who have not become parties to the suit. There would seem, however, to be some advantage in pursuing a class action because under Rule 23 (a) the plaintiffs must insure adequate representation of the persons on behalf of whom they sue and because under Rule 23 (c) such a class action cannot be dismissed or compromised without the approval of the court.

It is argued that there is no common question of law or fact involved and that the plaintiffs do not adequately represent the class they are suing for because up to the present time no other bondholder has been brought into the action by intervention or otherwise and because they have diverse interests.

Rule 23(a) (3) authorizes such a class action when "there is a common question of law or fact affecting the several rights and a common relief is sought", and there is a common question of fact affecting the rights of all the holders of stamped bonds or certificates of deposit for stamped bonds who sold them under a misapprehension as to who their purchaser was, or were ignorant of the fact that the City of Cordoba was the real purchaser and was ready to pay more than its putative agents offered.

■ There can be no doubt that claimants who become parties to this class suit would, if successful, be entitled to a different measure of damages. But if we were to read into the rule a requirement that each bondholder must recover damages at the same rate as seems to have been done by the Circuit Court of Appeals of the Eighth Circuit in Farmers Co-Op. Oil Co. v. Socony-Vacuum Oil Co., 133 F. 2d 101, 105, there would be few situations to which the action would apply. Differences in the measure of damages were held not inconsistent with the requirement of "common relief" in Weeks v. Bareco Oil Co., 7 Cir., 125 F.2d 84, and in Independence Shares Corp. v. Deckert, 3 Cir., 108 F.2d 51, 55, reversed on other grounds in 311 U. S. 282, 61 S.Ct. 229, 85 L.Ed. 189. In York v. Guaranty Trust Co., 2 Cir., 143 F.2d 503, we recently supported such a class action and adverted to the settled rule in the Second Circuit that members of the class who are not joined in such a class suit will not be affected by the decision. In other words, the decision will only be res judicata as to the plaintiffs and parties who have intervened.

■ We see no reason for going farther than to hold that on the face of the complaint the plaintiffs have brought themselves within the provisions of Rule 23(a) (3). Inasmuch as persons who do not become parties cannot be affected by the decision, we need not go further as to the adequacy of plaintiffs' representation of others in the class. A stricter rule as to the adequacy of representation ought to obtain where the judgment is held binding on members of a class who do not intervene. Weeks v. Bareco Oil Co., 7 Cir., 125 F.2d 84. If it shall later appear that the plaintiffs are not able within a reasonable time to obtain others to intervene in the class action it may properly be dismissed as a class action because of lack of adequate representation of members of the class.

For the foregoing reasons the appeal from the interlocutory order of July 3, 1943, is dismissed and the judgment dismissing the suit as a class action is reversed.