STEELE et al. v. GUARANTY TRUST CO. OF NEW YORK.

No. 34, Docket 20680.

Circuit Court of Appeals, Second Circuit.

Dec. 8, 1947.

388

Before L. HAND, AUGUSTUS N. HAND and FRANK, Circuit Judges.

FRANK, Circuit Judge.

On the former appeal, we said (143 F.2d at page 528) that, if non-accepting noteholders, other than the original plaintiff, Mrs. York, intervened, the action could be maintained as a class suit under Rule 23(a)(3), Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c. However, in Hackner v. Guaranty Trust Co., 2 Cir., 117 F.2d 95, we had held that a proceeding under 23 (a)(3) is, in effect, but a congeries of separate suits so that each claimant must, as to his own claim, meet the jurisdictional requirements.

The district court lacked jurisdiction as to Stern, Lamberson, Steele and the Bank. This appears from the following: Each has a claim not based upon loss of any part of a trust fund but solely for a loss consisting of the reduction of his recovery from the debtor, due to defendant's alleged wrong. The face amount of the notes and coupons held by each plaintiff is not the measure of his claim, but merely fixes its maximum. The loss, as shown in our former opinion, could not have exceeded the sum of (1) about 38% of the face of his notes,[1] plus (2) a proportionate amount of what might have been recovered on the open account claim against the debtor's subsidiary,[2] plus (3) perhaps interest, as damages, on the aggregate of the first two items.[3] On this record, this total would surely not exceed 100% of the face of the notes. As no one of the four plaintiffs above-named held more than $3,000 face amount of notes, none showed the requisite jurisdictional amount.

The other plaintiff, "Baseball," is an unincorporated association. An undisputed affidavit, forming part of the motion papers, shows that two members of this association are corporations organized under the laws of New York. Defendant is also such a New York corporation. There was therefore an absence, with respect to this plaintiff, of the needed diversity of

Shulman, Shulman & Abrams, of Chicago, Ill., and Bennett I. Schlessel, of New York City (Meyer Abrams, of Chicago, Ill., of counsel), for appellants.

Davis, Polk, Wardwell, Sunderland & Kiendl, of New York City (Ralph M. Carson and Francis W. Phillips, both of New York City, of counsel), for appellee.

[1] See 143 F.2d at page 510, note 6a.
[2] See 143 F.2d at page 518, first full paragraph.

[3] See 143 F.2d at page 518, note 19 and cases cited.

citizenship.[4] Consequently, the district court lacked jurisdiction of this claim also.

Reversed and remanded with directions to dismiss for lack of jurisdiction as to the plaintiffs other than Mrs. York.

---

[4] Levering & Garrigues Co. v. Morris, 2 Cir., 61 F.2d 115, 116, 117, affirmed on other grounds 289 U.S. 103, 53 S.Ct. 549, 77 L.Ed. 1062; Rosendale v. Phillips, 2 Cir., 87 F.2d 454; Spencer v. Patey, 2 Cir., 243 F. 555.