**ZELLEY v. MUEHLECK et al.**

Civ. A. No. 10078.

United States District Court
E. D. Pennsylvania.

Jan. 3, 1950.

Morton P. Rome, of Sundheim, Folz, Kamsler & Goodis, Philadelphia, Pa., for plaintiff.

Lewis M. Stevens, of Stradley, Ronon, Stevens & Young, Philadelphia, Pa., for Ernest Muehleck and certain other defendants.

Frederick H. Spotts, of Pepper, Bodine, Stokes & Hamilton, Philadelphia, Pa., for certain other defendants.

KIRKPATRICK, Chief Judge.

■ The cause of action stated in the complaint is, in substance, conspiring for the purpose of causing a third person (the Cooperative) not to perform its contract with the plaintiff as well as other contracts with other of its members, and the doing of certain acts in furtherance of the purpose of the conspiracy. The alleged wrongful conduct described is actionable (See Restatement, Torts, 766, et seq.) and the complaint cannot be dismissed for failure to state a cause of action.

■ The plaintiff sues on behalf of himself and, in a representative capacity, on behalf of other similarly situated members of the Cooperative holding similar contracts. The action is maintainable as a spurious class suit under Federal Rules of Civil Procedure, rule 23(a) (3), 28 U.S. C.A. See Independence Shares Corporation v. Deckert, 3 Cir., 108 F.2d 51, 55.

■ The plaintiff is a nonresident and the asserted fact that only a few of the other 181 members of the Cooperative are nonresidents does not deprive the Court of jurisdiction, if the plaintiff's claim is for the jurisdictional amount. "The ability of other persons similarly situated to intervene without regard to jurisdictional limitations applicable to original parties is the raison d'etre of the spurious class suit * * *", Moore's Federal Practice, Paragraph 23.10.

Steele v. Guaranty Trust Co. of New York, 2 Cir., 164 F.2d 387, is not inconsistent with the foregoing. That suit was not dismissed because any members of the represented class lacked diversity but because, of the plaintiffs who sued as representatives of the class, the only one who could show the jurisdictional amount did not have diversity. As to four of the five plaintiffs, the amount in controversy was less than the jurisdictional amount. As to the fifth, the requisite amount was present, but this fifth plaintiff really consisted of several plaintiffs, being a number of persons and corporations grouped in an unincorporated association, of whom several were residents. Where an unincorporated association sues as a party, the actual citizenship of its individual members is determinative. Levering & Garrigues Co. v. Morrin, 2 Cir., 61 F.2d 115. Consequently the principle that there must be diversity as to all parties rules the fifth plaintiff out. The result was that there was no one before the Court, suing in a representative

64

capacity, who could show the jurisdictional requirements.

There remains the question of amount in controversy in the present case. The subject matter of the plaintiff's cause of action is his contract with the Cooperative, to preserve which the action was brought and an injunction asked for. The Cooperative "was organized * * * for the purpose of building permanent, attractive homes on a large scale contract basis for between $8,000.00 and $9,000.00 per home and to lease the same to veterans on a low rental basis * * * on a 99-year renewable lease basis." It is also averred that the plaintiff, on the payment of the sum of $300.00, "obtained the contractual undertaking of the Cooperative to construct a dwelling * * * and, when constructed, to lease the same to plaintiff." This, I think, sufficiently avers that the plaintiff's contract entitled him to a ninety-nine year lease at a low rental of a desirable home. If I thought more explicit language was necessary I would permit the complaint to be amended. The plaintiff also asks for punitive damages, which are allowable in an action for a malicious act such as is here charged. Even under the Pennsylvania rule which requires that punitive damages shall not be disproportionate to the compensatory damages, I am of the opinion that the threatened loss of a contract right to a ninety-nine year lease of a good home at a fair rental, with or without punitive damages, states an amount in controversy which is within federal jurisdiction.

The motion to dismiss is denied.