WAGNER et al. v. KEMPER et al.
No. 7617.

United States District Court
W. D. Missouri, W. D.
Sept. 24, 1952.

Cobbs, Blake, Armstrong, Teasdale & Roos, of St. Louis, Mo., Stinson, Mag, Thomson, McEvers & Fizzell, Kansas City, Mo., for plaintiffs.

Arthur G. Heyne, Richard O. Roberts, G. A. Buder, Jr. of St. Louis, Mo., Frank C. Rayburn, Kansas City, Mo.; for intervenors.

Hugh M. Hiller, Kansas City, Mo., for defendant Commerce Trust Co.

Watson, Ess, Whittaker, Marshall & Enggas, Kansas City, Mo., for defendants Trustees, James M. Kemper, Henry N. Ess, Frederich H. Dierks, and Pickering Lumber Co.

REEVES, Chief Judge.

A large number of persons owning or holding Voting Trust Certificates of Pickering Lumber Company have moved to intervene in the above case. The questions involved appear from the issues as made up on the original pleadings, that is to say, the complaint and answers of the defendants. The action is one for a declaratory judgment and other relief involving the abrogation of a Voting Trust Agreement dated April 1, 1937. The plaintiffs in the original suit are owners and holders of voting trust certificates issued pursuant to said agreement. The relief sought is that such voting trust certificates be surrendered and that the original shares of common stock be issued and delivered to the owners of said stock.

Quite clearly the original action is brought pursuant to the provisions of rule 23(a) (3), Fed.Rules Civ.Proc. 28 U.S. C.A. For the purposes of this opinion, such rule provides that:

"(a) If persons constituting a class are so numerous as to make it impracticable to bring them all before the court, such of them, one or more, as will fairly insure the adequate representation of all may, on behalf of all, sue * * * when the character of the right sought to be enforced for * * * the class is * * * (3) several, and there is a common question of law or fact affecting the several rights and a common relief is sought."

This particular paragraph provides for class actions commonly known as "spurious" in contradistinction to "true" class actions. Although denominated a "spurious" class action nevertheless it is one authorized by law. However, an action of this kind, as has been repeatedly held by the courts, is "but a congeries of separate suits so that each claimant must, as to his own claim, meet the jurisdictional requirements."

Such was the holding in Steele v. Guaranty Trust Co. of New York, 2 Cir., 164 F.2d 387, loc.cit. 388. An identical ruling was made by the Court of Appeals for the District of Columbia, in Knowles v. War Damage Corporation, 83 U.S.App.D.C.

388, 171 F.2d 15, loc.cit. 18. Judge Pretty-
man of that court said:

"This type of action is spoken of as a
'spurious class action.' The members'
interests may be several and not inter-
dependent, although the remaining req-
uisites of the true class action must be
met. Their joinder is a matter of econ-
omy and efficiency on the part of courts
and parties—an avoidance of a multi-
plicity of suits. Courts have possessed
the power to afford and have afforded
this remedy long before the adoption of
the new Federal Rules of Civil Pro-
cedure. *The joinder was and is a mat-
ter of discretion in the trial court.*
However, both at the earlier date and
now, when the interests are separate
but a joinder is permitted, each individ-
ual claim must equal or exceed $3,000
before the action can be prosecuted in a
federal court. When the claims are
separate, they cannot be aggregated to
surpass this jurisdictional threshold."
(Emphasis mine.)

It would follow from these and other de-
cisions that the intervenors must be qualifi-
ed, both by reason of a diversity of citizen-
ship and by reason of the requisite amount
in controversy. It does not appear from the
motion or from the intervening petition that
the intervenors meet these requirements.
The intervention, therefore, should be den-
ied.

 Moreover, rule 24, Federal Rules
of Civil Procedure, provides interventions
of this class are only permissive and not
mandatory upon the court. In this action, if
it should be determined that the voting trust
agreement should be annulled or abrogated,
then clearly the trustees would have but one
duty and that would be to dissolve the trust
as to all certificate holders without regard
to their presence. Under such circum-
stances it is the duty of the court to deny
the intervention, and it will be so ordered.