James F. McMANUS, Plaintiff-Appellant,

v.

LAKE CENTRAL AIRLINES, INC., Defendant-Appellee.

No. 233, Docket 28465.

United States Court of Appeals Second Circuit.

Argued Jan. 8, 1964.

Decided Jan. 10, 1964.

---

———◇———

James F. McManus, Levittown, pro se.

Edward R. Neaher, New York City (Noel C. Crowley and Chadbourne, Parke, Whiteside & Wolff, New York City, on the brief), for appellee.

Before MOORE, KAUFMAN and MARSHALL, Circuit Judges.

PER CURIAM:

James F. McManus appeals from a judgment for defendant Lake Central Airlines, Inc., entered on a verdict directed by the trial court pursuant to Rule 50, F.R.Civ.Proc., at the conclusion of all of the evidence. McManus, the proprietor of a travel agency in Levittown, Long Island, had alleged that Lake Central had conspired with other airlines to exclude the plaintiff from the sale of domestic air transportation. At the trial, it became clear that these allegations were wholly predicated on Lake Central's membership in the Air Transport Association of America, and the resolution of that organization restricting the dealings of member airlines to travel agencies approved by the association.

The directed verdict was entirely proper. The resolution of which McManus complains was approved by the Civil Aeronautics Board pursunt to the predecessor section of 49 U.S.C. § 1382, upon a finding that it was not adverse to the public interest. Under the terms of 49 U.S.C. § 1384, such approval immunized any conduct "authorized, approved, or required" by the resolution from the reach of the antitrust laws. Indeed, at the behest of this very appellant, this court previously reviewed and upheld the Board against identical complaints that the approved practices were unduly restrictive. McManus v. Civil Aeronautics Board, 286 F.2d 414 (2d Cir.), cert. denied, 366 U.S. 928, 81 S.Ct. 1649, 6 L.Ed. 2d 388 (1961). And in that opinion, which set forth all of the material facts relevant to the present case, we expressly recognized the immunity from antitrust prosecution which CAB approval had afforded.

The appellant is here seeking precisely that relief to which our earlier opinion told him he was not entitled. The judgment is affirmed.