359 F.2d 956
 66-1 USTC P 9392
 Julius LIPSETT and Betty Lipsett, and Myron L. Chase and
Sylvia L. Chase, on Behalf of themselves and all other
similarly situated option holding employees of Ogden
Corporation or its subsidiaries, Appellants,
v.
UNITED STATES of America, Appellee.
 No. 320, Docket 30064.
 United States Court of Appeals Second Circuit.
 Argued April 5, 1966.
Decided April 29, 1966.
 
 Jerome Kurtz, Philadelphia, Pa. (Judah I. Labovitz, and Wolf, Block, Schorr & Solis-Cohen, Philadelphia, Pa., and Irving S. K. Chin, and Holtzmann, Wise & Shepard, New York City, on the brief), for appellants.
 Harvey R. Blau, Asst. U.S. Atty., Southern District of New York (Robert M. Morgenthau, U.S. Atty., and Laurence Vogel, Asst. U.S. Atty., Southern District of New York, on brief), for appellee.
 Before SMITH and HAYS, Circuit Judges, and CLARIE, District Judge.*
 J. JOSEPH SMITH, Circuit Judge:
 
 
 1
 Julius Lipsett (and Betty Lipsett) and Myron L. Chase (and Sylvia L. Chase), and proposed intervening plaintiffs appeal from an order of the United States District Court for the Southern District of New York, John M. Cannella, Judge, striking allegations in the pleadings designating the action as one brought on behalf of a class, and denying motions to intervene made by eleven persons. We find no abuse of discretion, and dismiss the appeal.
 
 
 2
 Lipsett and Chase brought this action for a refund of taxes paid. They were among 94 holders of options to purchase shares in the Ogden Corporation. Ogden organized Syntex Corporation to acquire assets recently purchased by it, and issued rights to Syntax stock to its shareholders and to the holders of options, on the basis of one right for each for Ogden shares held or subject to option. The proceeds of the resulting Syntex stock issue was used to purchase the assets.
 
 
 3
 The Internal Revenue Service claimed the issuance of Syntex rights to option holders created ordinary income; Lipsett and Chase paid the tax, and brought this suit as a class action for themselves and the 92 other option holders. Eleven of them moved to intervene. All had made refund claims and waited the necessary six months before suit. I.R.C. 6532 and 7422. The motions to intervene were denied, and the government's motion to strike the allegations of a class action was granted.
 
 
 4
 The first issues are jurisdictional. The order striking the allegation of a class action is certainly not appealable. As to the intervenors, they lack standing altogether. As to the original plaintiffs, the matter is not within the collateral order doctrine, Cohen v. Beneficial Industrial Loan Corp., 337 U.S. 541, 69 S.Ct. 1221, 93 L.Ed. 1528 (1949), because they too lack standing. Striking the allegation merely 'prettifies' the pleadings, see All American Airways v. Elderd, 209 F.2d 247, 249 (2 Cir. 1954), and the fact that a matter is a spurious class action, Rule 23(a)(3),[1] does not make such a case any stronger. All American; California Apparel Creators v. Wieder of California, 162 F.2d 893, 897 (2 Cir.), cert. den.332 U.S. 816, 68 S.Ct. 156, 92 L.Ed. 393 (1947). Hence the removal of that allegation does not prejudice anyone. While, as appellants note citing Nagler v. Admiral Corp., 248 F.2d 319, 327 (2 Cir. 1957), a spurious class action is an 'invitation * * * to join the battle,' striking the allegation does not ruin the invitation. 'Thus the order can have no possible effect as withdrawing an invitation * * * since each will make his plea to intervene under F.R. 24(b),' All American, at 249. See also Rogers v. Alaska S.S. Co., 249 F.2d 646, 648 (9 Cir. 1957).
 
 
 5
 The order denying intervention is appealable only if there was an abuse of discretion, since the question is one of permissive intervention within Rule 24(b); accordingly the question of appellate jurisdiction as to this order must await the merits. Levin v. Ruby Trading Corp., 333 F.2d 592, 594 (2 Cir. 1964); Fox v. Glickman Corp., 355 F.2d 161 (2 Cir. 1965).
 
 
 6
 On the merits, the striking of the allegations of a spurious class action ought generally to be improper unless the court knows no intervention is possible. Here the court treated the questions in reverse order. First it struck the allegations, then it denied intervention, and one of the reasons for the denial of intervention was that the allegations had been struck.
 
 
 7
 Since the spurious class action is a mere device for permissive joinder, the proper procedure is to leave the allegation standing to facilitiate (even though the effect is probably minimal anyway) intervention.[2] 'If it shall later appear that the plaintiffs are not able within a reasonable time to obtain others to intervene in the class action it may properly be dismissed as a class action * * *' Oppenheimer v. F. J. Young Co.,144 F.2d 387, 390 (2 Cir. 1944).
 
 
 8
 In other words, ordinarily the District Court should leave undisturbed the allegation until it is convinced no motion for intervention will be granted. Thus the pleadings should not be altered, ordinarily, before some intervenors have appeared, and their motion has been ruled on. Under certain circumstances the court will be able to tell after ruling on one motion to intervene, that no others will be treated differently; then the court could strike the allegation of a class suit, though the only reason would be esthetic. That is the case here; this is the type of action where the court can predict from one denial of intervention that the remaining 81 option holders would be similarly treated should they attempt to come in.
 
 
 9
 Furthermore, again because Rule 23(a)(3) is merely a device for permissive joinder, there should be little, if any, inquiry into whether the class is of appropriate size, or whether any members of the class will meet jurisdictional bars (really an aspect of the size of the class). Unlike the 'true' class action, Rule 23(a)(1), the non-party members are not bound by the judgment, at least an adverse one.[3] Oppenheimer, supra; All American, supra. There is really no question of adequacy of representation, for in fact there is no representation at all, of non-party members. Since the District Court must use its discretion on ruling on motions to intervene, there would be no point in deciding the matter earlier, even if it could, when the question is largely speculative. Indeed, the question of size is irrelevant for a spurious class action, except as it bears on convenience in intervention.
 
 
 10
 Turning to the question, then, whether denying intervention was an abuse of discretion, it is undoubtedly true that if the denial was solely based on the striking of the allegation, the matter would require reversal, for an exercise of discretion based on a misconception of the law is an abuse of discretion. But the District Court relied, alternatively, on a conclusion that to allow intervention would confuse the trial with collateral issues possibly to be raised due to the doctrine of equitable recoupment, that the suit for refund involves an examination of every element of the return. In this respect where there is a lively probability of trial confusion, the denial of intervention is not an abuse of discretion even though there is a well defined issue common to all the claims. While separate trial might have been available, it is hard to see what would be gained, and the inconvenience to the government, in having to try the refund suits in an area outside the normal, was a proper matter for consideration. Each taxpayer and available a remedy by separate action in a proper forum if he met the statutory requirements for a tax suit.
 
 
 11
 There was here a proper exercise of discretion, and since the ruling is only appealable if at all in case of abuse of discretion, the appeal must be dismissed. It is so ordered.
 
 
 
 *
 Sitting by designation
 
 
 [1]
 The new Rule 23, transmitted to Congress February 28, 1966, to take effect, absent Congressional action, see 28 U.S.C. 2072, July 1, 1966, radically alters treatment of cases now known as spurious class actions, particularly in allowing nonappearing members to be bound by the judgment, and in providing, for that reason, for notice, Rule 23(c)(2), early determination of the existence of a class, Rule 23(c)(1), and a requirement of adequate representation in all class actions, Rule 23(a)(4)
 
 
 [2]
 The new Rule 23, with built-in provisions for intervention in a case formerly known as a spurious class action, and requiring the early determination of the existence of a class, is another matter
 
 
 [3]
 Cf. the new Rule 23