370 F.2d 119
 Morton EISEN, on Behalf of himself and all other purchasers and sellers of "oddlots" on the New York Stock Exchange similarly situated, Appellant,
v.
CARLISLE & JACQUELIN and DeCoppet & Doremus, each limited partnerships under New York Partnership Law, Article 8, and New York Stock Exchange, an unincorporated association, Appellees.
 Docket 30934.
 United States Court of Appeals Second Circuit.
 Argued December 12, 1966.
 Decided December 19, 1966.
 
 Laventhall & Zicklin, New York City (Pomerantz, Levy, Haudek & Block, New York City, of counsel), for appellant.
 Carter, Ledyard & Milburn, New York City, for appellee Carlisle & Jacquelin.
 Kelley, Drye, Newhall, Maginnes & Warren, New York City, for appellee DeCoppet & Doremus.
 Milbank, Tweed, Hadley & McCloy, New York City, for appellee New York Stock Exchange.
 Before WATERMAN, MOORE and KAUFMAN, Circuit Judges.
 KAUFMAN, Circuit Judge:
 
 
 1
 The sole question presented by this motion is whether appellant may take an appeal from an order of the district court dismissing his class action, but permitting him to litigate his individual claims.
 
 
 2
 Morton Eisen brought an action in the district court alleging that two major "odd-lot" dealers on the New York Stock Exchange — Carlisle & Jacquelin and DeCoppet & Doremus — had conspired and combined to monopolize odd-lot trading and had charged excessive fees, in violation of the Sherman Act. 15 U.S.C. §§ 1, 2. Specifically, he challenged the so-called "odd-lot differentials" charged by the appellees and other odd-lot dealers for transactions involving other than 100 share lots of securities. The complaint also charged the New York Stock Exchange with having breached its duties, allegedly prescribed by the Securities Exchange Act of 1934, concerning suspension of odd-lot trading. 15 U.S.C. §§ 78f(b), 78f(d), 78s(a).
 
 
 3
 Eisen sued both for himself and on behalf of all odd-lot purchasers and sellers on the Exchange. Appellees moved to dismiss the class action, alleging that it was not maintainable under amended Rule 23(c) (1) of the Federal Rules of Civil Procedure. Judge Tyler granted the motion and dismissed the class action, but did not dismiss Eisen's individual claims or pass on their merits.
 
 
 4
 It is too clear for discussion that all orders are not appealable. 28 U.S.C. § 1291 provides that the courts of appeals have jurisdiction of appeals from all "final" decisions of the district courts, while 28 U.S.C. § 1292 permits appeals from a narrowly limited class of interlocutory orders. But as the Supreme Court has commented, "[A] decision `final' within the meaning of § 1291 does not necessarily mean the last order possible to be made in a case." Gillespie v. United States Steel Corp., 379 U.S. 148, 152, 85 S.Ct. 308, 13 L.Ed.2d 199 (1964). The question presented to us, therefore, is whether Judge Tyler's order dismissing the class action falls within "that small class which finally determine claims of right separable from, and collateral to, rights asserted in the action, too important to be denied review and too independent of the cause itself to require that appellate consideration be deferred until the whole case is adjudicated." Cohen v. Beneficial Industrial Loan Corp., 337 U.S. 541, 546, 69 S.Ct. 1221, 1225, 93 L.Ed. 1528 (1949).
 
 
 5
 In making this determination, Justice Black's language in the Gillespie case is instructive:
 
 
 6
 [I]t is impossible to devise a formula to resolve all marginal cases coming within what might well be called the "twilight zone" of finality. Because of this difficulty this Court has held that the requirement of finality be given a "practical rather than a technical construction." * * * [I]n deciding the question of finality the most important competing considerations are "the inconvenience and costs of piecemeal review on the one hand and the danger of denying justice by delay on the other." 379 U.S. at 152-153, 85 S.Ct. at 311 (emphasis supplied).
 
 
 7
 In the present case, these considerations, rather than being "competitive," lead to a single conclusion — that the order dismissing this class action is appealable. The alternatives are to appeal now or to end the lawsuit for all practical purposes. Judge Tyler's order "if unreviewed, will put an end to the action". Chabot v. National Securities and Research Corp., 290 F.2d 657, 659 (2d Cir. 1961). We can safely assume that no lawyer of competence is going to undertake this complex and costly case to recover $70 for Mr. Eisen. See Escott v. Barchris Constr. Corp., 340 F.2d 731, 733 (2d Cir.), cert. denied sub nom. Drexel & Co. v. Hall, 382 U.S. 816, 86 S.Ct. 37, 15 L.Ed.2d 63 (1965). If the appeal is dismissed, not only will Eisen's claims never be adjudicated, but no appellate court will be given the chance to decide if this class action was proper under the newly amended Rule 23.
 
 
 8
 There are, therefore, most compelling reasons to deny this motion to dismiss the appeal; and permitting Eisen to proceed in no way conflicts with any precedents of this Court. Appellees rely on Oppenheimer v. F. J. Young & Co., 144 F.2d 387 (2d Cir. 1944), but that decision was reached before the Supreme Court spoke in Cohen, supra. While it is true that in Lipsett v. United States, 359 F.2d 956 (2d Cir. 1966), we did not permit an appeal from the dismissal of a class action, we reached that conclusion because the facts did not come within the framework of the Cohen doctrine; the plaintiffs lacked standing, and dismissal of the class action allegations, we said, merely "prettified" the pleadings since the action could still continue.
 
 
 9
 Dismissal of the class action in the present case, however, will irreparably harm Eisen and all others similarly situated, for, as we have already noted, it will for all practical purposes terminate the litigation. Where the effect of a district court's order, if not reviewed, is the death knell of the action, review should be allowed. See Roberts v. United States District Court, 339 U.S. 844, 70 S.Ct. 954, 94 L.Ed. 1326 (1950); Chabot v. National Securities and Research Corp., supra.
 
 
 10
 Motion denied.