**John CACERES d/b/a Caceres Agency et al., Plaintiffs-Appellants,**

v.

**INTERNATIONAL AIR TRANSPORT ASSOCIATION et al., Defendants-Appellees.**

Nos. 265–271, Dockets 33433–33439.

United States Court of Appeals
Second Circuit.

Argued Dec. 4, 1969.

Decided Jan. 13, 1970.

Martin R. Gold, New York City (LoFrisco & Gallagher, Anthony F. LoFrisco, William D. Gallagher, New York City, on the brief), for plaintiffs-appellants.

Harold L. Warner, Jr., New York City (Chadbourne, Parke, Whiteside & Wolff, Carl S. Rowe, Zachary Shimer, Eunice E. Whitney, New York City, on the brief), for defendants-appellees.

Before WATERMAN, HAYS and FEINBERG, Circuit Judges.

FEINBERG, Circuit Judge:

Plaintiffs, seven travel agents, brought an antitrust action on their own behalf and as representatives of a class of travel agents against major international air carriers and their association, International Air Transport Association (IATA). Plaintiffs appeal from an order entered by the United States District Court for the Southern District of New York, Walter R. Mansfield, J., determining that their action is not maintainable as a class action. 46 F.R.D. 89 (S.D.N.Y.1969). We have concluded that the order appealed from is not a final decision under 28 U.S.C. § 1291 and accordingly dismiss the appeal.

Since we do not reach the merits of plaintiffs' antitrust claims, we will describe the underlying action only briefly. Its gravamen is that plaintiffs and other members of the alleged class have all been prevented from acting as ticket sales agents for defendant airlines by

defendants' agreement that none of them will pay commissions to a travel agent not on IATA's approved list. While such an alleged group boycott has obvious antitrust implications, plaintiffs concede that 49 U.S.C. § 1384 renders defendants "immune" if their action is taken in accordance with procedures approved by the Civil Aeronautics Board (CAB).[1] Cf. McManus v. Lake Central Airlines, Inc., 327 F.2d 212 (2d Cir.), cert. denied, 377 U.S. 943, 84 S.Ct. 1350, 12 L.Ed.2d 307 (1964). The fundamental issue in plaintiffs' action, however, is whether such CAB direction has been followed. Plaintiffs claim that it has not, because defendants did not properly notify plaintiffs of the reasons why they were not approved as IATA agents.[2] Defendants argued to Judge Mansfield that the notices varied from one plaintiff to another; since the question of due notice had to be considered separately as to each plaintiff—and as to each member of the alleged class—class action treatment was inappropriate. Based upon this and other reasons defendants moved for a determination that the suit was not maintainable as a class action. Judge Mansfield agreed with defendants' principal argument that the adequacy of IATA's notice of disapproval would vary in the case of each complaining travel agent. Moreover, the judge felt that there were no strong reasons for class action treatment and that, on the contrary, use of that device might create "unfortunate * * * confusion * * * [and] inefficiencies" at trial. 46 F.R.D. at 95. Therefore, he was unable to find, as required by Fed.R.Civ.P. 23(b) (3), "that the questions of law or fact common to the

members of the class predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy." Accordingly, he held that the action could not be maintained as a class action and the allegations of the complaint purporting to create a class action were to be deemed stricken. This appeal followed.

Although both sides argue the merits of Judge Mansfield's order, the first question before us is not whether that order was correct, but whether it is appealable. Plaintiffs' notice of appeal was filed in February of this year and the record was docketed in March, but defendants did not raise the issue of nonappealability until filing their brief on the merits in November. In reply, appellants complain that defendants did not choose to move to dismiss earlier before substantial appellate costs had been incurred.[3] We must deal with a question so squarely raised; indeed, we would have to do so even if no one called it to our attention and we noticed it ourselves. See Alart Associates v. Aptaker, 402 F.2d 779 (2d Cir. 1968).

Three recent cases in this court, all decided after the 1966 amendments to Rule 23, deal with the issue of appealability of an order dismissing the class action aspects of a complaint but not in form affecting the individual action. In Eisen v. Carlisle & Jacquelin, 370 F.2d 119 (2 Cir. 1966), cert. denied, 386 U.S. 1035, 87 S.Ct. 1487, 18 L.Ed.2d 598 (1967), we denied a motion to dismiss an appeal from such an order. In doing so, we relied on Cohen v. Beneficial Industrial Loan Corp., 337 U.S. 541, 69 S.

1. In pertinent part, 49 U.S.C. § 1384 provides that:
> Any person affected by any order made under sections 1378, 1379, or 1382 of this title shall be, and is hereby, relieved from the operations of the "antitrust laws," as designated in section 12 of Title 15 * * * insofar as may be necessary to enable such person to do anything authorized, approved, or required by such order.

2. The CAB order required that the notice of disapproval should state the reasons therefor. 29 CAB 258, 265 (1959); 33 CAB 157 (1961).

3. Appellants point out that counsel for defendants were also counsel in City of New York v. International Pipe & Ceramics Corp., 410 F.2d 295 (2d Cir. 1969), when such a motion was made with success.

Ct. 1221, 93 L.Ed. 1528 (1949), and Roberts v. United States District Court, 339 U.S. 844, 70 S.Ct. 954, 94 L.Ed. 1326 (1950). Because the claim of Morton Eisen amounted to only $70, we felt that "the effect of the district court's order [dismissing the class action], if not reviewed, is the death knell of the action." [4] *Id.*, 370 F.2d at 121. We distinguished an earlier decision, Lipsett v. United States, 359 F.2d 956 (2d Cir. 1966), because, among other reasons, the action there would continue even if the class allegations were eliminated.

The problem of appealability of such an order was next considered—albeit only in passing—in Green v. Wolf Corp., 406 F.2d 291 (2d Cir. 1968), cert. denied, 395 U.S. 977, 89 S.Ct. 2131, 23 L.Ed.2d 766 (1969). Citing *Eisen*, we noted that

> the order striking the class action aspects of the complaint is appealable at this time, since if a class action is not permitted the litigation will very likely terminate without reaching the merits * * * Green obviously does not intend to press what will probably be an enormously complex and expensive action to recover less than $1,000.

*Id.*, 406 F.2d at 295 n. 6.

However, in City of New York v. International Pipe & Ceramics Corp., 410 F.2d 295 (2d Cir. 1969), the trend toward appealability halted. That case also involved an order determining that a suit should not be treated as a class action. We held that order nonappealable, distinguishing *Eisen* on the ground that plaintiff (New York City) and various intervenors had "adequate resources to continue the action and with substantial amounts at stake will undoubtedly carry on." *Id.*, 410 F.2d at 299. For the broad proposition that—absent the

"death knell" rationale relied on in *Eisen*—orders striking class suit allegations are not appealable, we relied on two pre-*Eisen* cases: Lipsett v. United States, *supra*, and All American Airways v. Elderd, 209 F.2d 247 (2d Cir. 1954).

Judge Hays dissented in *International Pipe* on two grounds. 410 F.2d at 300–301. At least some absent members of the class had claims so small that they would never sue alone; as to them, the order terminating the class action was a "death knell." In addition, there might never be another opportunity to review the order denying class action status; even though a strong plaintiff like New York could continue its suit individually, if it won it would "have no reason to take an appeal from the adverse class action determination." Although these arguments are not without force, their logical end is that an order refusing class action treatment under Rule 23(b)(3) should almost always be appealable. Such an alleged class will rarely lack at least a few members with claims so small that they cannot sue alone; moreover, the possibility that those who do litigate will win or make a satisfactory settlement exists in every case. Such a rule of broad appealability would run contrary to the various policies behind congressional adherence to the final judgment rule in 28 U.S.C. § 1291, see American Express Warehousing Ltd. v. Transamerica Insurance Co., 380 F.2d 277, 280 (2d Cir. 1966), to which the *Cohen* doctrine represents a very limited exception. As the cases cited by the majority in *International Pipe* indicate, the weight of authority prior to the 1966 amendments of Rule 23 was that an order striking class suit allegations was not appealable under 28 U.S.C. § 1291.[5]

4. When the appeal was heard on the merits, we reversed the district court order and remanded for an evidentiary hearing on the advisability of a class action. Eisen v. Carlisle & Jacquelin, 391 F.2d 555 (2d Cir. 1968).

5. See Lipsett v. United States, *supra;* All American Airways v. Elderd, *supra;*

Rogers v. Alaska S. S. Co., 249 F.2d 646 (9th Cir. 1957); Jumps v. Leverone, 150 F.2d 876 (7th Cir. 1945); Oppenheimer v. F. J. Young & Co., 144 F.2d 387 (2d Cir. 1944); but cf. Brunson v. Bd. of Trustees, 311 F.2d 107 (4th Cir. 1962), cert. denied, 373 U.S. 933, 83 S.Ct. 1538, 10 L.Ed.2d 690 (1963) (civil rights class action dismissed as to all but first named

While the changes in Rule 23 were far-reaching and beneficial, we do not think that they were intended to change that doctrine.[6] Thus, contemporaneous and highly informed commentary suggested greater use of certifying interlocutory appeals under 28 U.S.C. § 1292(b) "[i]n the early period of interpretation of amended rule 23 * * * to test whether [district court] determinations of the suitability of actions for class treatment have been correctly made." Kaplan, Continuing Work of the Civil Committee: 1966 Amendments of the Federal Rules of Civil Procedure, 81 Harv.L.Rev. 356, 390 n. 131 (1967); cf. ABA Special Comm. Federal Rules of Procedure, Report, 38 F.R.D. 95, 104–105 (1966). Such a suggestion would be unnecessary if an appeal were easily obtainable under 28 U.S.C. § 1291.

In any event, these arguments for greater appealability were squarely raised and therefore squarely rejected in *International Pipe*, by which we are bound. Accordingly, the gloss upon section 1291 for alleged classes under Rule 23(b) (3) should not be expanded beyond the type of situation present in *Eisen* and *Green*. In those two cases, the average claim of each member of the class was quite small. Here it is not; Judge Mansfield pointed out that the average claim alleged is $150,000 per member. In addition, the claim by the

representative plaintiff in *Eisen* was only $70 and in *Green* was less than $1,000. While the damage claims of the seven plaintiffs here are not yet specific, enough appears in the record to justify Judge Mansfield's conclusion that no claim was of "such a low order of magnitude that it would be unfeasible or uneconomic for the claimant to seek redress." 46 F.R.D. at 95. Therefore, we hold that the judge's order was not a final decision under 28 U.S.C. § 1291.[7] Accordingly, the appeal is dismissed.

One further thought is in order. While we referred above to the suggestion of scholars that there be greater use of the interlocutory procedure of section 1292(b) to test the suitability of actions for class treatment, we do not mean to suggest such a course here. Now that the case has been briefed and argued on the merits, we would not accept a section 1292(b) certification because we regard the action of the district court as well within its discretion and not at all improper.

Appeal dismissed.

HAYS, Circuit Judge (concurring):

I concur since I consider myself bound by the decision in City of New York v. International Pipe & Ceramics Corp., 410 F.2d 295 (2d Cir. 1969) where I dissented.

---

plaintiff, thus denying in effect injunctive relief extending beyond first named plaintiff, whose case was moot; held appealable as denial of injunction under 28 U.S.C. § 1292).

6. Indeed, the specific language of amended Rule 23(c) (1) indicates the contrary. "As soon as practicable after the commencement of an action brought as a class action, the court shall determine by order whether it is to be so maintained. An order under this subdivision

may be conditional, and may be altered or amended before the decision on the merits."
The second sentence would seem to indicate that the drafters of the rule were at least not aiming for immediate appealability.

7. Cf. Hayes v. Sealtest Foods Div. of Nat'l Dairy Prods. Corp., 396 F.2d 448 (3d Cir. 1968) (relying on lack of Fed.R.Civ. P. 54(b) order).