**H. Keith ZAHN et al., Plaintiffs,**

v.

**INTERNATIONAL PAPER COMPANY.**

**Civ. A. No. 6192.**

United States District Court,
D. Vermont.

Sept. 30, 1971.

As Amended Oct. 21, 1971.

Peter Langrock and Mark Sperry, Langrock & Sperry, Middlebury, Vt., for plaintiffs.

Henry Black, Black & Plante, White River Junction, Vt., and Taggart Whipple, Richard Nolan, and Frank Ferony, Jr., Davis, Polk & Wardwell, New York City, for defendant.

OPINION AND ORDER

LEDDY, Chief Judge.

This is a diversity action in which the plaintiffs seek compensatory and punitive damages for impairment of their property rights as a result of the defendant's alleged pollution of Lake Champlain. The named plaintiffs, allegedly owners of lakefront property in Orwell, Vermont, seek to maintain this suit as a class action under Rule 23(b) (3) of the Federal Rules of Civil Procedure. Plaintiffs allege that all lakefront landowners and lessees in the towns of Orwell, Shoreham, and Bridport, Vermont, numbering more than two hundred, are properly members of the class they seek to represent.

We must initially determine whether there is jurisdiction over all the members of the proposed class. The defendants contend that some members of the class are residents of New York and that the court does not have jurisdiction over these persons. This position is clearly untenable. One of the factors relied on by the Supreme Court in reaching its conclusion in Snyder v.

Harris, 394 U.S. 332, 89 S.Ct. 1053, 22 L.Ed.2d 319 (1969) was that:

> Under current doctrine, if one member of a class is of diverse citizenship from the class' opponent, and no non-diverse members are named parties, the suit may be brought in federal court even though all other members of the class are citizens of the same State as the defendant and have nothing to fear from trying the lawsuit in the courts of their own State. See Supreme Tribe of Ben-Hur v. Cauble, 255 U.S. 356 [41 S.Ct. 338, 65 L.Ed. 673] (1921).

394 U.S. at 340, 89 S.Ct. at 1059.

The defendant's contention that many members of the proposed class fail to meet the $10,000 jurisdictional amount is crucial, however. The sums in good faith claimed by the plaintiffs control the determination of jurisdictional amount unless "from the face of the pleadings, it is apparent, to a legal certainty, that the plaintiff[s] cannot recover the amount claimed * * *." St. Paul Mercury Indemnity Co. v. Red Cab Co., 303 U.S. 283, 288–289, 58 S.Ct. 586, 590, 82 L.Ed. 845 (1938). Applying this standard, we think that the named plaintiffs meet the jurisdictional amount. However, the named plaintiffs have made no allegations as to the damage sustained by each member of the proposed class. Indeed, it is unlikely that the property of every lakefront landowner in the towns of Orwell, Shoreham, and Bridport is valued at $10,-000, and, to a legal certainty, it is not credible that every such owner has suffered pollution damage in excess of $10,000.

This action would have been considered a "spurious" class action under Rule 23 before its amendment in 1966, because the claims of the class members are separate and distinct. See, e. g., Snyder v. Harris, supra, 394 U.S. at 335–336, 89 S.Ct. 1053. Thus the question is whether federal courts have jurisdiction over all members of an alleg-edly otherwise proper class, in a class suit in which the claims of the class members are separate and distinct, if some members of the class individually meet the jurisdictional requirement as to the amount in controversy and others, who are not named representatives, do not.

■ In Snyder v. Harris, supra, the Supreme Court held that aggregation of damages to satisfy the jurisdictional amount is not permissible in "spurious" class actions. This doctrine, the Court held, is based upon its prior interpretation of the statutory phrase "matter in controversy" in 28 U.S.C. § 1332(a) and its predecessors, rather than on Rule 23 or any other rule of procedure. The Court looked for interpretation of this phrase to Troy Bank v. Whitehead & Co., 222 U.S. 39, 40, 32 S.Ct. 9, 56 L.Ed. 81 (1911), Pinel v. Pinel, 240 U.S. 594, 36 S.Ct. 416, 60 L.Ed. 817 (1916), and Clark v. Paul Gray, Inc., 306 U.S. 583, 59 S.Ct. 744, 83 L.Ed. 1001 (1939). All three of these cases state that *each* plaintiff must meet the jurisdictional amount. Both *Troy Bank* and *Pinel* were joinder cases, but *Snyder* stated that *Clark* applied this joinder doctrine to class actions (although we confess that we can find nothing in the official report of *Clark* clearly indicating that it was, in fact, a class action). Professor Wright notes that the "dissenters in Snyder thought that the rule there announced would apply 'in all cases where one or more of the co-plaintiffs has a claim of less than the jurisdictional amount * * *.'" Nevertheless, he claims that *Snyder* does not definitely decide the issue because "the majority did not speak to the point * * *." C. Wright, Handbook of the Law of Federal Courts § 72, at 316 n. 86 (2d ed. 1970), *quoting* 394 U.S. at 343, 89 S.Ct. 1053. On this we disagree, for we find the majority's language clear and unambiguous. We therefore think that *Snyder* precludes our obtaining jurisdiction over those members of the proposed

class who do not meet the $10,000 jurisdictional requirement.

To be sure, the basis of *Snyder* is a reaffirmation of quite well settled law as applied to the amended Rule 23, whereas it has never been settled by a square holding that every unnamed class member in a spurious class suit must individually satisfy the jurisdictional monetary limitation. Neither *Snyder* nor *Clark* involved named plaintiffs all of whom met the jurisdictional amount. Before the amendment of Rule 23 in 1966 the majority of the case law held that only named plaintiffs (i. e., the original parties and those who intervened under prior Rule 24) were bound by the result of a spurious class action. *See* C. Wright, *supra*, § 72 at 310. As amended, Rule 23 provides that all members of a class who do not request exclusion are bound by the resulting judgment. Thus only after the 1966 amendment did the issue of whether an unnamed plaintiff was required independently to meet the jurisdictional amount become significant. The aggregation issue resolved in *Snyder*, however, was always important as it related to the jurisdictional requirements for named as well as unnamed plaintiffs. Nevertheless, despite this possible distinction, we feel bound by the clear language of the Supreme Court; accordingly we hold that each class member in a spurious class action must independently satisfy the requirement as to jurisdictional amount. Nor do we find room in the Court's language for the admittedly attractive distinction proposed by one commentator in discussing the jurisdictional requirements for intervention under the prior Rule 24: "Should a large number of claimants meet the jurisdictional requirements, a few claimants who do not meet them could be deemed within the ancillary jurisdiction of the court." G. Fraser, Ancillary Jurisdiction and the Joinder of Claims in the Federal Courts, 33 F.R.D. 27, 45 (1963) (footnote omitted).

We recognize that our decision today may conflict with that implied by Professor Moore's conclusion that in a Rule 23(b) (3) suit "the several claim or claims of or against each member of the class appearing of record as an *original party* [has] to equal or exceed the specified amount in controversy." 3B Moore's Federal Practice ¶ 23.95 (2d ed. 1969) (emphasis added; footnote omitted). Professor Wright recognizes that there are "indications" that *Snyder* will be interpreted as we have interpreted it, but argues that "this is not an inevitable conclusion and it would aggravate the damaging effect the Snyder decision had had on the attempt to modernize the law of class actions." C. Wright, *supra*, § 72 at 316. *But see* H. Hart & H. Wechsler, The Federal Courts and the Federal System 935–937 (1953).

Our holding is in accord with Alvarez v. Pan American Life Ins. Co., 375 F.2d 992, 996–997 (5th Cir.), cert. denied, 389 U.S. 827, 88 S.Ct. 74, 19 L.Ed.2d 82 (1967), although only one member of the class in *Alvarez* met the jurisdictional amount, and that member was not a named plaintiff, a possible distinction. Lesch v. Chicago & E. I. R. R. Co., 279 F.Supp. 908, 912 (N.D.Ill.1968), is a pre-*Snyder* opinion on all fours with the case at bar and *contra* to our holding. Steele v. Guaranty Trust Co., 164 F.2d 387, 388 (2d Cir. 1947), Speed v. Transamerica Corp., 135 F.Supp. 176, 202 (D. Del.1955), modified, 235 F.2d 369 (3d Cir. 1956), and Wagner v. Kemper, 13 F.R.D. 128, 130 (W.D.Mo.1952), stated that the requisite jurisdictional amount had to be met by intervenors in a spurious class action under prior Rule 24. Amen v. Black, 234 F.2d 12 (10th Cir.), cert. granted to determine jurisdictional question, 352 U.S. 888, 77 S.Ct. 127, 1 L.Ed.2d 84 (1956), remanded because of settlement, 355 U.S. 600, 78 S.Ct. 530, 2 L.Ed.2d 523 (1958), and Shipley v. Pittsburgh & L. E. R. Co., 70 F.Supp. 870, 876 (W.D.Pa.1947), are *contra* to *Steele* and *Wagner*. *See generally* Mc-

Grath v. Tadayasu Abo, 186 F.2d 766, 770–771 (9th Cir.), cert. denied, 342 U.S. 832, 72 S.Ct. 38, 96 L.Ed. 629 (1951); Knowles v. War Damage Corp., 83 U.S. App.D.C. 388, 171 F.2d 15, 18 (1948), cert. denied, 336 U.S. 914, 69 S.Ct. 604, 93 L.Ed. 1077 (1949); Hackner v. Guaranty Trust Co., 117 F.2d 95, 97 (2d Cir.), cert. denied, 313 U.S. 559, 61 S.Ct. 835, 85 L.Ed. 1520 (1941); Mutation Mink Breeders Ass'n v. Lou Nierenberg Corp., 23 F.R.D. 155, 162 (S.D.N.Y.1959). There are also a number of relatively recent cases in which courts of appeals, without referring to the point, have assumed either that all class members must meet the jurisdictional amount, or that only one class member must do so. In at least some of these cases it appears that the assumption was made only *arguendo*. *See* Lonnquist v. J. C. Penney Co., 421 F.2d 597, 599–600 (10th Cir. 1970) (assumes one class member suffices); Dierks v. Thompson, 414 F.2d 453, 456 (1st Cir. 1969) (assumes all class members must meet amount); Potrero Hill Community Action Comm. v. Housing Authority, 410 F.2d 974, 978 (9th Cir. 1969) (assumes one class member suffices).

We reach our decision today with great reluctance. For if a construction of Rule 23 were controlling, rather than the phrase "amount in controversy" in the jurisdictional statute, our decision would be different. Rule 23 contemplates a suit brought by representatives of an appropriately defined class; members of the class other than the named representatives need never come into court. In fact, the court may not even know the identity of the unnamed plaintiffs: notice of the action may be by publication if individual notice is not feasible. Thus the requirement that each class member meet the jurisdictional amount clearly undermines the usefulness of Rule 23(b) (3) class suits, because the problem of defining an appropriate class over which the court has jurisdiction will often prove insuperable.[1]

Indeed, we think this problem is insuperable in the case at bar, for we can find no appropriate class over which we have jurisdiction. A class defined as all lakefront landowners and lessees in the towns of Orwell, Shoreham, and Bridport having $10,000 in controversy would not be feasible. The class would have to be further defined either before or after trial on the liability issue. A determination before trial of the landowners actually encompassed within this class would require the unnamed class members to appear and at least plead, and perhaps prove facts substantiating, an amount in controversy. This would eliminate any advantage of a class action over joinder; a class action would therefore not be properly maintainable because class treatment would not be "superior to other available methods for the fair and efficient adjudication of the controversy," as required by Rule 23(b) (3). Nor could further definition of the class be postponed until after trial on the liability issue. As the notes of the advisory committee indicate, the 1966 revision of Rule 23 was meant to exclude "one-way intervention" and to lessen problems relating to the res judicata effect of judgments. But if liability were found not to exist in the case at bar, the res judicata effect of the judgment would depend on an evaluation at some future date of whether a given class member had $10,000 in controversy at the time of this action. This is clearly an impossible task. And if liability were found to exist, the question of ju-

---

1. *Cf.* C. Wright, Handbook of the Law of Federal Courts § 72, at 316 (2d ed. 1970) (emphasis added; footnote omitted): "There are indication that [*Snyder*] also means that [Rule 23(b) (3)] cannot be used in diversity cases save for the *extraordinary situation* in which every member of the class has a claim in excess of $10,000 * * *."

risdiction would be hopelessly intertwined with the determination of damages, despite the fact that the "inability of plaintiff to recover an amount adequate to give the court jurisdiction does not show his bad faith or oust the jurisdiction." St. Paul Mercury Indemnity Co. v. Red Cab Co., *supra*, 303 U.S. at 289, 58 S.Ct. at 590 (footnote omitted).

■ Accordingly, it is hereby ordered that reference to all persons other than the four named plaintiffs be stricken from the complaint and that this action not be permitted to proceed as a class action.

### Application for Certification Under 28 U.S.C. § 1292(b)

Plaintiffs have moved that this court amend its previous order so as to permit appeal under 28 U.S.C. § 1292(b). Although we recognize that appeals under section 1292(b) should be granted only in very limited cases, Gottesman v. General Motors Corp., 268 F.2d 194 (2d Cir. 1959), we believe that the instant case is one to which this provision is properly applied.

We assume, without deciding, that our order denying class treatment is interlocutory rather than final in nature. *See generally* Caceres v. International Air Transport Ass'n, 422 F.2d 141 (2d Cir. 1970), and cases cited therein. Our order involves a controlling question of law, viz. "whether federal courts have jurisdiction over all members of an allegedly otherwise proper class, in a class suit in which the claims of the class members are separate and distinct, if some members of the class individually meet the jurisdictional requirement as to the amount in controversy and others, who are not named representatives, do not." Page 431, *supra*. That there is a substantial ground for difference of opinion as to this question is clear

from the authority cited in our opinion which is *contra* to our holding, although we find this authority unconvincing. Defendants contend, however, that the required "controlling question of law" must relate to the merits of the action for an order to be appealable under section 1292(b). Whether or not orders striking class action allegations can be so characterized, such orders certainly do not "only relate to pretrial procedures" as did the order in Switzerland Cheese Ass'n, Inc. v. E. Horne's Market, Inc., 385 U.S. 23, 87 S.Ct. 193, 17 L.Ed. 2d 23 (1966). In that case the Supreme Court held that an order denying summary judgment on the basis of the existence of a triable issue of fact was not appealable under 28 U.S.C. § 1292(a) (1), which provides for appeals as of right from interlocutory orders affecting injunctions. The Second Circuit, moreover, has indicated that it considers class action orders appealable under section 1292(b) in a proper case. In Caceres v. International Air Transport Ass'n, *supra*, 422 F.2d at 144, the Second Circuit held that not every class action order is appealable as of right under 28 U.S.C. § 1291. If every such order were appealable as of right, the court reasoned, discretionary appeal under section 1292(b) would be unnecessary, whereas the latter procedure was considered a proper and preferable approach.

■ Finally, we also think that an immediate appeal on the propriety of class treatment may materially advance the ultimate termination of the litigation. This case involves a particularly complicated issue of liability and is likely to involve protracted and costly litigation. If our opinion as to the jurisdictional requirements for Rule 23(b) (3) class suits is erroneous, reversal after trial on the merits may require a new trial, and failure of the named plaintiffs to prosecute an appeal on our ruling may result in a multiplicity of protracted

suits by other members of the proposed class.[2]

Accordingly, plaintiffs' motion is granted.

2. *See* Comment, Interlocutory Appeals from Orders Striking Class Action Allegations, 70 Colum.L.Rev. 1292, 1293–1294 (1970) (footnote omitted):

> Even if the named plaintiff * * * succeeds on the merits in his individual capacity, he may then abandon his original goal of reducing his own expenses by representing a class rather than pay the costs of an appeal that might possibly fail to win a reversal of the order. The remainder of the class would consequently be left without a representative or "champion." On the other hand, if the named plaintiff does appeal the order after prevailing on the merits, his success on appeal may be a dubious blessing from his point of view: he may be permitted to represent the class but be required to prosecute a new trial. [The commentator then states the reasons why a new trial may be required]