Manuel M. ELLIS, Appellant,

v.

Victor CARTER, etc., et al., Appellees.

No. 16942.

United States Court of Appeals
Ninth Circuit.

May 31, 1961.

Greenwald, Holland, Landrum & Baim, Howard Marshall and Harold C. Holland, Los Angeles, Cal., for appellant.

Benjamin J. Goodman, and Horowitz & Howard, Los Angeles, Cal., and Louis Loss, Cambridge, Mass., for appellees.

Before BARNES, HAMLEY and KOELSCH, Circuit Judges.

HAMLEY, Circuit Judge.

This is an action for $1,315,000 damages and other relief based on allegations of fraud in connection with an asserted joint venture to acquire control of Republic Pictures Corporation. Plaintiff Manuel M. Ellis is a major stockholder of that company. Defendants Victor M. Carter and Herbert J. Yates are the chairman and former chairman, respectively, of the corporation's board of directors. Defendants Louis Boyar, Benjamin Weingard and Value Line Income Fund, Inc., are alleged to be stockholders.

According to the complaint, after Ellis and Carter entered into a joint venture to acquire control of Republic, Carter and the other defendants effectuated a fraudulent scheme to acquire such control for themselves. Pursuant to this scheme, it is alleged, Carter sold 10,000 shares of Republic stock to Ellis at a price of ten dollars a share, fraudulently representing that this stock carried with it a voice in the management of the company. It is averred that, relying upon this representation, Ellis purchased the stock at this price notwithstanding the fact that the market price of such stock was then $8.50 a share. Defendants thereafter gained control of Republic, and Ellis alleges that he has been excluded from having any voice in the management.

In the original complaint, jurisdiction in the district court was asserted under

sections 12(2) and 17(a) of the Securities Act of 1933, as amended, 15 U.S.C.A. §§ 77*l*(2) and 77q(a), sections 10(b) and 27 of the Securities Exchange Act of 1934, 15 U.S.C.A. §§ 78j(b) and 78aa, and rule X–10B–5 (now rule 10b–5) adopted by the Securities and Exchange Commission under the latter act, 17 C.F.R. § 240.10b–5.

Carter moved under rule 12(b), Federal Rules of Civil Procedure, 28 U.S.C.A., to dismiss the action for lack of jurisdiction over the subject matter and failure to state a claim upon which relief can be granted. Boyar made a similar motion but limited it to the latter ground.

When the above-described motions came on for argument, Ellis voluntarily filed an amended complaint. In the amended complaint, references to the Securities Act of 1933 were eliminated as a basis for jurisdiction, reliance being placed exclusively upon the cited sections of the Securities Exchange Act of 1934 and rule 10b–5. Without objection the motions of Carter and Boyar to dismiss the action were then deemed to be directed to the amended complaint.

The motions to dismiss were granted on both grounds urged. A judgment dismissing the action "without leave to amend" was thereupon entered. Ellis appeals, arguing that the district court had jurisdiction and that the amended complaint states a claim on which relief can be granted.

■ Turning first to the question of jurisdiction, it has been noted that appellant relies on sections 10(b) and 27 of the Securities Exchange Act of 1934, and rule 10b–5 of the SEC rules and regulations.[1] Appellees argue that these statutes and this rule fall short of conferring jurisdiction on the district court to entertain this suit because they do not give a private remedy to a buyer. Appellees recognize that this court recently held otherwise in Matheson v. Armbrust, supra note 1, but we are asked to reconsider that decision.

Sections 11, 12(1) and 12(2) of the Securities Act of 1933 give private remedies to a buyer and provide for certain procedures where the appropriate remedy is pursued. The plaintiff in such a suit is relieved of certain of the requirements of a common-law deceit action, such as proving *scienter* and reliance, but section 12(2) places on the plaintiff the burden of proving that he did not himself know of the untruth or omission. These sections also limit a buyer's remedy by making available certain affirmative defenses providing a brief statute of limitations as prescribed in section 13 of the act, 15 U.S.C.A. § 77m, and authorizing the court in its discretion to assess costs of suit, including reasonable attorneys' fees, and to require that plaintiff give an advance undertaking for the payment of such costs. Section 11 (e), 15 U.S.C.A. § 77k(e).

No provision of the 1933 act gave a private remedy to a seller of securities. Section 10(b) of the Securities Exchange Act of 1934, however, makes it unlawful for any person under stated circumstances to use or employ, in connection with either the purchase or sale of any security, any manipulative or deceptive device or contrivance in contravention of rules and regulations prescribed by the SEC. Implementing this section, the Commission prescribed rule 10b–5, which in effect defined the use or employment of any "manipulative or deceptive device or contrivance" to include the practices specified in subparagraphs (a) to (c) of that rule. Some of the conduct charged to appellees in the amended complaint is of a kind which is proscribed in these subparagraphs.

Neither section 10(b) nor rule 10b–5 expressly provides a civil remedy available to either a buyer or a seller. How-

---

1. Section 10(b) and rule 10b–5 are quoted in Matheson v. Armbrust, 9 Cir., 284 F. 2d 670, 672 notes 1, 2. Section 27 provides in part that the district courts shall have jurisdiction of all suits in equity and actions at law brought to enforce any liability or duty created by the 1934 act or the rules and regulations thereunder.

ever, soon after the promulgation of that rule it was established by decisional law that such a remedy for defrauded sellers is implied in that section and rule. This court has twice so held.[2]

In Fischman v. Raytheon Mfg. Co., 2 Cir., 188 F.2d 783, 787, it was held that section 10(b) of the 1934 act affords a civil remedy to a buyer in addition to those provided in the 1933 act. The court reasoned that while section 10(b) does not expressly authorize such a remedy, it does make "unlawful" the conduct it describes, and this is enough to create the civil remedy. We reached the same result in Matheson v. Armbrust, expressing approval of this view stated in Fischman.

Appellees correctly point out that read together, the 1933 and 1934 acts, as amended, present certain inescapable anomalies, no matter which of several alternative constructions are placed on section 10(b). Four possible constructions of that section and rule 10b–5 suggest themselves:

(1) As permitting no civil actions to either buyer or seller on the ground that the 1933 and 1934 acts were too closely drafted to permit the inference of any private remedies in addition to those expressly provided in sections 11 and 12 of the 1933 act, and sections 9(e), 16(b) and 18(a) of the 1934 act. But under such a construction defrauded sellers are given no civil remedy under either act, which seems inconsistent with the all-embracing scope of the legislation and requires that an unexplained distinction be drawn between buyers and sellers.

(2) As permitting sellers but not buyers to sue under the rule, thereby giving both buyers and sellers a civil remedy but limiting that of buyers to the remedies provided in the 1933 act. But this seems inconsistent with the fact that section 10(b) and rule 10b–5 are expressly applicable to buyers as well as sellers. Moreover, there seems to be no good reason why Congress would want to restrict buyers to the limited remedies provided in the 1933 act, while giving sellers an unrestricted civil remedy. The converse inference—drawn by reading the restrictions of the 1933 act which apply only to buyers as applicable also to sellers under the 1934 act—would constitute judicial rewriting which even appellees concede would be too gross.

(3) As permitting buyers as well as sellers to sue under the 1934 act, but to make buyers' actions thereunder subject to the same restrictions as provided for them in the 1933 act. This avoids the anomaly of giving the buyer a less restricted remedy under the 1934 act than he has under the 1933 act. In effect, however, it is the same as giving him no right under the 1934 act, leaving an unexplained distinction between buyers and sellers as noted above.

(4) As permitting buyers as well as sellers to sue under section 10(b) and rule 10b–5 without any distinction whatever, free of the restrictions imposed under the 1933 act. This construction has the virtue of giving both buyers and sellers a civil remedy and giving buyers the same unrestricted remedy which is given to sellers, no reason being shown why Congress should have intended to treat them differently. But this construction is saying in effect that the procedural restrictions which Congress carefully provided in the 1933 act with regard to a buyer's civil remedy were completely nullified or ignored by Congress a year later in giving buyers an unrestricted civil remedy.

■ In Matheson we adopted the fourth of these alternatives. We now adhere to that determination.[3] Recognizing the anomaly inherent therein, as noted above, we consider it the most ac-

---

2. Errion v. Connell, 9 Cir., 236 F.2d 447; Fratt v. Robinson, 9 Cir., 203 F.2d 627, 37 A.L.R.2d 636.

3. Had we been of the view that Matheson should not be adhered to, this opinion would not have been filed, but we would have taken steps to have the case reheard en banc. See 9th Cir., Rule 23, 28 U.S.C.A. A decision of this court can be overruled only in en banc proceedings. Upton v. Com'r, 9 Cir., 283 F.2d 716, 723.

ceptable of the four possible alternatives. It gives controlling weight to what seems to have been the dominant policy of Congress to provide complete and effective sanctions, public and private, with respect to the duties and obligations imposed under the two acts. It requires no variance in procedures under the 1934 act as between buyer and seller, no reason appearing why Congress would have wanted the procedures to be different. While it assumes that Congress in 1934 undid what it carefully did in 1933, it avoids judicial rewriting of the 1934 act to include procedural provisions which appear only in the 1933 act. As between two acts which deal with the problem, it permits the most recent enactment to govern.

■ The instant suit is comprehended under our now settled construction of section 10(b) and rule 10b–5.

■ Appellees further argue that if we reaffirm Matheson we should at least hold that appellant must allege and ultimately prove genuine fraud, as distinct from "a mere misstatement or omission," to paraphrase the language of subparagraph (2) of rule 10b–5.

This is in effect a challenge to the validity of subparagraph (2) of the rule. It is predicated on the idea that a proscription of material misstatements and half-truths without using fraud or *scienter* language is not a permissible implementation of section 10(b).

We disagree. Section 10(b) speaks in terms of the use of "any manipulative device or contrivance" in contravention of rules and regulations as might be prescribed by the Commission. It would have been difficult to frame the authority to prescribe regulations in broader terms. Had Congress intended to limit this authority to regulations proscribing common-law fraud, it would probably have said so. We see no reason to go beyond the plain meaning of the word "any", indicating that the use of manipulative or deceptive devices or contrivances of whatever kind may be forbidden, to construe the statute as if it read "any fraudulent" devices.

■ Appellees advance an additional reason why the district court was correct in dismissing for lack of jurisdiction. Under section 10(b) and rule 10b–5 the direct or indirect use or employment of a manipulative or deceptive device or contrivance is not prohibited unless it is accomplished by the use of some means or instrumentality of interstate commerce or of the mails or of a facility of a national securities exchange.

The means, instrumentality or facility upon which appellant relies as fulfilling this requirement of the statute and rule is a commercial airplane engaged in interstate commerce. The sale in question was made in June 1959 when Carter sold 10,000 shares "short" to Ellis. On July 1, 1959, Carter bought 249,383 shares in his own name in New York City and immediately took the stock certificates evidencing those shares to Los Angeles by commercial airplane. Carter then placed some of these certificates, representing 10,000 shares, with his counsel as escrow agent. Six months later the attorney delivered the certificates to Ellis.

Arguing that the attorney with whom the stock certificates were placed in early July was not the agent of Ellis and that the certificates were therefore not delivered to Ellis until six months after the interstate transportation, appellees contend that it cannot be held that the sale was made by use of an interstate airplane.

The interstate transportation of the stock certificates occurred after Carter had sold the 10,000 shares to Ellis and was for the purpose of consummating that sale. The sale was in fact consummated by the delivery of the certificates which had been thus transported. Therefore, despite the substantial delay between the time the interstate facility was used and the time the sale was consummated, it was used in connection with that sale. This is all that is required under the statute and rule. See Matheson v. Armbrust, supra, 284 F.2d at page 673.

■ The final argument advanced by appellees in support of the dismissal for

lack of jurisdiction relates to those allegations and prayers of the amended complaint under which appellant sought damages from Carter for breach of an alleged joint venture agreement, asked that the court order a dissolution of the joint venture and an accounting, and sought damages from Carter and the other appellees for their fraud and other wrongful acts alleged to have caused the failure of the joint venture. Appellees contend that even if it be assumed that a claim cognizable under section 10(b) and rule 10b–5 has been stated, the effort to obtain damages, dissolution of the joint venture, and an accounting independent of the 10,000-share stock transaction are separate non-federal claims which appellant must pursue in the state courts.

In our opinion the district court had jurisdiction of the non-federal claims "pendent" to its jurisdiction under section 10(b) and rule 10b–5.[4]

The alternative ground on which appellees sought dismissal of the action was that in his amended complaint appellant failed to state a claim upon which relief can be granted. As previously noted, Carter and Boyar filed motions to dismiss on this ground pursuant to rule 12(b) (6).

At the time they filed these motions, Carter and Boyar filed supporting affidavits in which they disputed many allegations of the complaint and recounted their versions of the transactions. Ellis filed a counter affidavit and Carter filed an affidavit in reply thereto. Matters outside the amended complaint were thereby presented, and they were not excluded by the court. As provided in rule 12(b), it therefore became necessary to treat the motion as one for summary judgment to be disposed of in accordance with rule 56, Federal Rules of Civil Procedure, 28 U.S.C.A.

Under rule 56(c), the motion for summary judgment should have been granted in appellees' favor if the amended complaint and affidavits showed that there was no genuine issue as to any material fact and that appellees were entitled to a judgment as a matter of law.

We have examined the amended complaint and affidavits and find that they present many genuine issues of fact material to the claims stated in the amended complaint. No useful purpose will be served by listing those issues of fact in this opinion. Until those issues are resolved it cannot be determined which of the parties is entitled to judgment. Hence appellees are not now entitled to a judgment as a matter of law.

In further support of the alternative ground of dismissal, appellees call attention to rule 9(b), Federal Rules of Civil Procedure, 28 U.S.C.A. It is therein provided that in all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity.[5]

There is nothing in the record to indicate that this point was raised in the trial court, or that it was one of the grounds on which dismissal was ordered. In any event we are not called upon to determine whether the amended complaint is deficient in this regard in view of the fact that appellees converted their attack from a motion to dismiss under rule 12(b) to a motion for summary judgment under rule 56. Thus challenged, the sufficiency of appellant's claim, in so far as it is based on fraud, is to be judged not by the amended complaint alone but by that pleading as supplemented by appellant's affidavits.

Reading together the amended complaint and the affidavits filed by appellant in the summary judgment proceeding, we find sufficient particulars stated with regard to the fraud averments to

---

4. Hurn v. Oursler, 289 U.S. 238, 53 S.Ct. 586, 77 L.Ed. 1148; Romero v. International Term. Operating Co., 358 U.S. 354, 380, 79 S.Ct. 468, 3 L.Ed.2d 368.

5. This argument has at best only partial application here since a showing of common-law fraud is not essential to establish that part of the claim which is based on section 10(b) and rule 10b–5.

meet the requirements of rule 9(b). Any additional information appellees may desire concerning the circumstances relied upon to establish fraud may be sought in pretrial discovery proceedings.

The judgment is reversed.