Mac **HERBST, Sylvia Herbst et al.,**
**Plaintiffs,**

v.

**Charles R. ABLE et al., Defendants.**

**Harry H. LEVY et al., Plaintiffs,**

v.

**DOUGLAS AIRCRAFT COMPANY, Inc.,**
**et al., Defendants.**

**Lawrence J. BEECHER et al., Plaintiffs,**

v.

**Charles R. ABLE et al., Defendants.**

**Lillian GOTTESMAN, Plaintiff,**

v.

**A. V. LESLIE et al., Defendants.**

**Lawrence KOBRE, Plaintiff,**
**and**
**Oscar Moses and Anthony Crasa,**
**Intervenor-Plaintiffs,**

v.

**Wellwood E. BEALL et al., Defendants.**
**Nos. 66 Civ. 3216, 66 Civ. 3382, 66 Civ.**
**3471, 66 Civ. 3775, 68 Civ. 4141.**

United States District Court,
S. D. New York.

Jan. 21, 1970.

---

7. See, N.Y. Debtor & Creditor Law, McKinney's Consol.Laws, c. 12, §§ 273 and 276.

Pomerantz, Levy, Haudek & Block, New York City, for Mac Herbst, Sylvia Herbst, Jack Heidenberg, Lawrence J. Beecher and others.

Bergerman & Hourwich, New York City, for Harry Levy, Jack H. Lieb, Rosamond E. Lieb, Samuel Axelrod, Joseph M. Newmark and Hoda Corp.

Gordon & Wexler and Lawrence Milberg, New York City, for Lillian Gottesman.

White & Case, New York City, for all defendants except Merrill Lynch, Pierce, Fenner & Smith, Inc. and Ernst & Ernst.

Brown, Wood, Fuller, Caldwell & Ivey, New York City, for Merrill Lynch, Pierce, Fenner & Smith, Inc.

Davis, Polk, Wardwell, Sunderland & Kiendl, New York City, for Ernst & Ernst.

Weinstein & Levinson, New York City, for Lawrence Kobre, Oscar Moses and Anthony Crasa.

Memorandum Opinion

MOTLEY, District Judge.

On December 15, 1969 a further hearing was held in the above-entitled cause at the request of plaintiff Levy, on the matter of notice ordered by this court on March 10, 1969, as amended by orders dated April 21, and May 9, 1969.

By order of April 21, 1969, this court directed that all plaintiffs participate in the publication of three joint notices, the size of one half page, placed in the national edition of the *Wall Street Journal* and in the financial section of the *New York Times*, divided into three parts, one relating to *Herbst*, one relating to *Levy*, *Beecher*, and *Gottesman*, and one relating to *Kobre*.

At the hearing on December 15, 1969, it was alleged that because of financial considerations and difficulties, plaintiffs had not complied with the court's order as to notice by publication.

Plaintiffs urged that the requirement of notice by publication be postponed until the results of individual notice by mail have been ascertained as was done in Berland v. Mack, 48 F.R.D. 121 (S.D. N.Y.1969).

█. The requirement of notice by publication at this early stage will not be postponed. This court is still of the view that notice by publication combined with individual mail notices where possible, is "the best notice practicable under the circumstances" of these five cases which arise essentially out of the same alleged wrongful conduct of defendants. Rule 23 (c), Fed.R.Civ.P.

█ This court agrees with Judge Mansfield that the requirements as to notice in these class actions under Rule 23(b) (3) must necessarily differ with the varying factual circumstances of each case. Berland v. Mack, *supra*.

However, this court believes that the judges in this District should seek to effect some measure of uniformity in the requirements as to notice by publication. Judge Mansfield, in his well-reasoned and carefully considered opinion, concluded that a newspaper notice of one-eighth (⅛) of a newspaper page was of sufficient size to be noticed by the investors and the investment community for whom the notice is intended.

This court, accordingly, now adopts that view as to the size of the required

notice by publication, and amends its order of April 21, 1969 by the issuance of a new order of this date to require such notice by publication and to fix new dates for preparing and sending individual notices and for notice by publication.

So ordered.