Duane ORN and Arnold Sundal,
Plaintiffs,

v.

EASTMAN DILLON, UNION SECURI-
TIES & CO., a New York partner-
ship, et al., Defendants.

Civ. No. 72–688–F.

United States District Court,
C. D. California.

Oct. 2, 1973.

———◆———

Donnelly, Clark, Chase & Johnson, Los
Angeles, Cal., for Eastman Dillon, Union
Securities & Co., a New York partner-
ship, and others.

Macdonald, Halsted & Laybourne, Los
Angeles, Cal., and Dorsey, Marquart,
Windhorst, West & Halladay, Minneapo-
lis, Minn., for Goodbody & Co., a part-
nership, and others.

Rifkind & Sterling, Inc., Beverly Hills,
Cal., and Marshall, Bratter, Greene, Alli-
son & Tucher, New York City, for
Sprayregen & Co., Inc., a Delaware cor-
poration, Gerald Sprayregen and Law-
rence N. Hurwitz.

Gibson, Dunn & Crutcher, Los Ange-
les, Cal., for Ernst & Ernst, an Ohio
partnership.

Mitchell, Silberberg & Knupp, Los An-
geles, Cal., for Simpson, Thacher & Bart-
lett, a New York partnership.

O'Melveny & Myers, Los Angeles, Cal.,
for SMC Investment Corp., a Delaware
corporation, and others.

Walter P. North, Acting Gen. Counsel,
Jacob H. Stillman, Asst. Gen. Counsel,
Mark Q. Connelly, Atty., S. E. C., Wash-
ington, D. C., amicus curiae.

## MEMORANDUM OPINION

FERGUSON, District Judge.

Plaintiffs have brought this action as
a class action under section 10(b) of the
Securities Exchange Act of 1934 (the
"1934 Act"), 15 U.S.C. § 78j(b), and
Rule 10b–5 thereunder, 17 C.F.R. § 240.-
10b–5, on behalf of investors who pur-
chased the stock of defendant SMC In-
vestment Corporation (SMC). The com-
plaint alleges, *inter alia,* that the prelim-
inary and final prospectuses contained
material misleading statements and
omissions. The defendants include
SMC, some of its officers and directors,
its management company, its independ-
ent auditors, several of the underwriters
for the offering and some of their offi-
cers, directors, partners and attorneys.

The defendants have moved to strike
those paragraphs of the complaint which
attempt to state a claim on behalf of
persons who purchased shares of SMC
in the original distribution, on the

ground that their exclusive remedy is under the express civil liability provisions of the Securities Act of 1933 (the "1933 Act") specifically relating to public offering situations, and particularly under section 11 of the 1933 Act, 15 U. S.C. § 77k. It appears that the applicable statute of limitations for a section 11 action may have run before the filing of the complaint, under section 13 of the 1933 Act, 15 U.S.C. § 77m. Defendants contend that plaintiffs' exclusive remedy is under section 11 of the 1933 Act and is time-barred by section 13 of that Act, and that the cause of action based on section 10 of the 1934 Act and Rule 10–b is therefore improper.

Section 11 of the 1933 Act provides, in relevant part:

"(a) In case any part of the registration statement, when such part became effective, contained an untrue statement of a material fact or omitted to state a material fact required to be stated therein or necessary to make the statements therein not misleading, any person acquiring such security (unless it is proved that at the time of such acquisition he knew of such untruth or omission) may, either at law or in equity, in any court of competent jurisdiction, sue [the issuer, the underwriters, the directors and certain officers of the issuer, and the accountant whose report appears in the registration statement.]"

Section 10(b) of the 1934 Act provides that it is unlawful to employ, in connection with the purchase or sale of any security, any "manipulative or deceptive device or contrivance" in violation of any rules the Securities and Exchange Commission may promulgate. Rule 10b–5 provides:

"It shall be unlawful for any person, directly or indirectly, by the use of any means or instrumentality of interstate commerce, or of the mails or of any facility of any national securities exchange,

"(a) To employ any device, scheme, or artifice to defraud,

"(b) To make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading, or

"(c) To engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person, in connection with the purchase or sale of any security."

Rule 10b–5 is a general anti-fraud rule which covers a broad range of conduct. By its terms, it covers conduct specifically proscribed by other provisions of federal securities statutes, including sections 11 and 12 of the 1933 Act. Section 11 and Rule 10b–5 differ, however, in the scope of their coverage and in the procedural restrictions attached to them. Section 11 is available only to buyers in connection with a registered public offering who allege omissions or misstatements in a prospectus distributed under the 1933 Act. Rule 10b–5 is not subject to such limitations. Section 11 contains several procedural restrictions which are not applicable to Rule 10b–5 actions, including the damage limitation provisions of sections 11(e) and 11(g), 15 U.S.C. §§ 77k(e) and 77k(g); the right of contribution among defendants contained in section 11(f), 15 U.S.C. § 77k(f); and the shorter applicable statute of limitations contained in section 13 of the 1933 Act.

Defendants have relied heavily on two early cases, Montague v. Electronic Corp. of America, 76 F.Supp 933 (S.D. N.Y.1948), and Rosenberg v. Globe Aircraft Corp., 80 F.Supp 123 (E.D.Pa. 1948), in support of their position. Those cases held that where both section 11 of the 1933 Act and Rule 10b–5 were applicable to the facts alleged, section 11 provided the exclusive remedy. However, *Montague* and *Rosenberg* have not been followed in several more recent cases. Fischman v. Raytheon Mfg. Co., 188 F.2d 783, 786–787 (2d Cir. 1951); Rosen v. Bergman, 40 F.R.D. 19, 21–22 (S. D.N.Y.1966); Dauphin Corp. v. Red-

wall Corp., 201 F.Supp. 466, 468–469 (D. Del.1962); Premier Industries, Inc. v. Delaware Valley Financial Corp., 185 F. Supp. 694, 695–696 (E.D.Pa.1960); Osborne v. Mallory, 86 F.Supp. 869, 879 (S.D.N.Y.1949). Defendants have attempted to distinguish some of these cases on the ground that they involved section 12(2) of the 1933 Act, 15 U.S.C. § 77*l*(2), rather than section 11. It is the court's view that such a basis for distinction takes too narrow a view of the reasoning of these cases and is without merit.

Moreover, Ellis v. Carter, 291 F.2d 270 (9th Cir. 1961), is dispositive of the issues presented in this case and compels the denial of defendants' motion. Defendants have acknowledged that *Ellis* is the "main stumbling block" to the granting of their motion.

In *Ellis*, a major purchaser of corporate stock sued for damages and other relief, alleging that the defendants committed fraud in connection with the formation of a joint venture to acquire control of the corporation. The original complaint asserted jurisdiction under sections 12(2) and 17(a) of the 1933 Act, 15 U.S.C. §§ 77*l*(2) and 77q(a), sections 10(b) and 27 of the 1934 Act, 15 U.S.C. §§ 78j(b) and 78aa, and Rule 10b–5. The amended complaint, however, eliminated the 1933 Act grounds for jurisdiction and predicated jurisdiction solely upon the 1934 Act and Rule 10b–5. The district court dismissed the amended complaint for lack of jurisdiction. The Court of Appeals for the Ninth Circuit reversed, holding that the facts alleged conferred jurisdiction under section 10(b) and Rule 10b–5. The court held that both buyers and sellers could sue under section 10(b) and Rule 10b–5 "free of the restrictions imposed under the 1933 act." 291 F.2d at 273.

Defendants contend that *Ellis* should not be applied to the instant case because (1) it involved a private transaction not giving rise to liability under section 11; (2) it was based on the policy reason of providing remedial equality between buyers and sellers, [which is] inapplicable in the context of registered public offerings; (3) the defendants in *Ellis* did not make an exclusivity-of-remedy argument but relied solely on the contention that buyers do not have private remedies under Rule 10b–5; and (4) allowing a cause of action under the 1934 Act would amount to a conclusion that Congress impliedly repealed the procedural restrictions contained in section 11 of the 1933 Act when it enacted section 10(b) of the 1934 Act.

The defendants' contentions are without merit. The *Ellis* court reached its decision fully cognizant of the kinds of arguments the defendants have made. The court considered four possible constructions to reconcile the "anomalies" between the 1933 and 1934 Acts, and chose the alternative of permitting both buyers and sellers to sue under section 10(b) and Rule 10b–5 without the restrictions imposed in the 1933 Act. The court was aware that this interpretation was not fully satisfactory, but adopted it as "the most acceptable" of the alternatives, realizing that

> "this construction is saying in effect that the procedural restrictions which Congress carefully provided in the 1933 act with regard to a buyer's civil remedy were completely nullified or ignored by Congress a year later in giving buyers an unrestricted civil remedy." 291 F.2d at 273.

While one factor in the *Ellis* court's decision was to provide equality for buyers and sellers, other policy reasons were equally important. The court noted that its interpretation "gives controlling weight to what seems to have been the dominant policy of Congress to provide complete and effective sanctions, public and private, with respect to the duties and obligations imposed under the two acts." *Id.*, at 274. It stated that while its construction

> "assumes that Congress in 1934 undid what it carefully did in 1933, it avoids judicial rewriting of the 1934 act to include procedural provisions which appear only on the 1933 act. As between two acts which deal with the problem, it permits the most recent enactment to govern." *Id.*, at 274.

*See also* Matheson v. Armbrust, 284 F. 2d 670 (9th Cir. 1960), cert. denied, 365 U.S. 870, 81 S.Ct. 904, 5 L.Ed.2d 860 (1961).

The *Ellis* court therefore considered the kind of objections to its holding that have been made by defendants in the instant case. This court is bound by its decision and fully agrees with it.

A further indication that Congress intended the federal securities laws to provide concurrent, rather than exclusive, remedies is the provision in section 28 of the 1934 Act, 15 U.S.C. § 78bb, paralleled by nearly identical language in section 16 of the 1933 Act, 15 U.S.C. § 77p, that:

"(a) The rights and remedies provided by this chapter shall be in addition to any and all other rights and remedies that may exist at law or in equity. . . ."

The court holds that section 11 of the 1933 Act does not provide the exclusive federal remedy to purchasers in a registered public offering who allege misstatements and omissions in the prospectus, but that such purchasers may also maintain their action under section 10(b) of the 1934 Act and Rule 10b–5 thereunder.